# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN JOSE

**CR 18 00172 BLF**



FILED
APR 26 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES OF AMERICA,

V.

MICHAEL KAIL,

DEFENDANT(S).

## INDICTMENT

18 U.S.C. §§ 1343, 1346 – Wire Fraud
18 U.S.C. §§ 1341, 1346 – Mail Fraud
18 U.S.C. § 1957 – Money Laundering
18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c) –
Criminal Forfeiture

A true bill.

_____
                      Foreman

Filed in open court this __26__ day of
__April 2018__.

_____ Clerk

Bail, $ _____

No Bail Arrest Warrant



ALEX G. TSE (CABN 152348)
Acting United States Attorney

SEALED BY ORDER OF COURT

FILED
APR 26 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL KAIL,

Defendant.

Criminal No. CR 18 00172 BLF HRL

VIOLATIONS: 18 U.S.C. §§ 1343, 1346 – Wire Fraud; 18 U.S.C. §§ 1341, 1346 – Mail Fraud; 18 U.S.C. § 1957 – Money Laundering; 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c) – Criminal Forfeiture

(SAN JOSE VENUE)

UNDER SEAL

INDICTMENT

The Grand Jury charges:

INTRODUCTION

At all times relevant to this indictment, with all dates being approximate and all date ranges both approximate and inclusive:

1. Defendant MICHAEL D. KAIL ("KAIL") was an individual living in Los Gatos, California. KAIL began working for Netflix, Inc. ("Netflix") in 2011. From November 1, 2011, until his employment ended in August, 2014, KAIL held the title of Vice President of IT Operations. As an employee of Netflix, KAIL was assigned, and used, a Netflix email address.

2. Unix Mercenary, LLC, was a single-member company owned by KAIL. KAIL registered Unix Mercenary, LLC with the California Secretary of State on February 8, 2012.

3. Netflix was a company headquartered in Los Gatos, California.

4. From at least January 1, 2012, through December 31, 2014, Netflix email addresses containing the domain "@netflix.com" were hosted by Google, Inc. through its Gmail service. During that period, Netflix employees' emails were hosted on computer servers located outside of the state of California.

5. DocuSign, Inc., ("DocuSign") was a company that provided electronic document signing services for corporate and individual clients. DocuSign was headquartered in San Francisco, California. From at least January 1, 2012, through December 31, 2014, servers hosting DocuSign's customer contracts and other customer data were located outside of the state of California.

6. Netenrich, Inc. ("Netenrich"), was a company headquartered in San Jose, California. During 2012 through 2014, some Netenrich employees were contracted to work at Netflix.

7. VistaraIT, Inc. ("VistaraIT"), formerly VistaraIT, LLC, was a company headquartered in San Jose, California. VistaraIT had the same business address as Netenrich, Inc.

8. Platfora, Inc. ("Platfora"), was a company located in San Mateo, California. Platfora was founded in 2011.

9. Numerify, Inc. ("Numerify"), was a company located in Cupertino, California. Numerify was founded in 2012.

10. Netskope, Inc. ("Netskope"), was a company located in Los Altos, California. Netskope was founded in 2012.

11. Maginatics, Inc. ("Maginatics"), was a company located in Mountain View, California. Maginatics was founded in 2010.

12. Sumo Logic, Inc. ("Sumo Logic"), was a company located in Redwood City, California. Sumo Logic was founded in 2010.

13. CFTG, Inc., doing business as Docurated ("Docurated"), was a company located in New York, New York. Docurated was founded in 2012.

14. ElasticBox, Inc. ("ElasticBox"), was a company located in San Francisco, California. ElasticBox was founded in 2011.

15. In his role as Vice President of Internet Technology at Netflix, KAIL had authority to

INDICTMENT,
UNITED STATES V. MICHAEL KAIL         2

enter into contracts with third parties on behalf of Netflix, and could approve payment of invoices by Netflix, to third parties. KAIL had access to confidential company information of Netflix. KAIL also had access to confidential information shared with Netflix by third parties, including bids from vendors.

## THE SCHEME TO DEFRAUD

16. Beginning no later than February 29, 2012, and continuing through July 31, 2014, KAIL did knowingly and with the intent to defraud devise and intend to devise a scheme and artifice to defraud as to a material matter, to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, and to deprive Netflix of its intangible right to KAIL's honest services.

17. The gist of the scheme was that KAIL used his position as Vice President of Internet Technology at Netflix to approve contracts with and payments to vendors, including Netenrich, Inc., and VistaraIT, Inc. In return for these contracts and payments, Netenrich, VistaraIT, and others paid KAIL kickbacks, including payments determined as a percentage of the business they did with Netflix. Certain vendors to Netflix also awarded KAIL shares of stock and stock options in exchange for KAIL approving contracts with Netflix.

18. KAIL, VistaraIT, and Netenrich used the terms "referral fees," "arrangement," "my portion," and "invoice value" to hide the nature of the kickback payments.

19. It was further part of the scheme that KAIL registered Unix Mercenary, LLC, with the California Secretary of State and opened bank accounts in that business's name for the purpose of receiving kickback payments. KAIL used the kickback payments to pay for personals expenses.

20. It was further part of the scheme that KAIL directed communications to his home address and a personal email address to avoid detection of the scheme by Netflix.

21. This scheme deprived Netflix of the following: (a) its money and property by enabling the vendors to, among other things, negotiate more favorable contracts with Netflix than they would have been able to obtain without the assistance of KAIL; and (b) its intangible right to KAIL's honest services.

22. KAIL directed Netenrich and VistaraIT to pay kickbacks to a bank account in Unix Mercenary's name, opened for the purpose of receiving the proceeds of the fraud scheme.

23. KAIL directed Netenrich, Platfora, Netskope, Numerify, Maginatics, Sumo Logic, Docurated, and Elasticbox to pay him kickbacks in the form of stock options in exchange for KAIL approving contracts for those companies to provide services to Netflix.

24. As part of the scheme to defraud Netflix, KAIL engaged in conduct and made material false representations, promises, and omissions, including, but not limited to, the following:

    a. KAIL concealed from Netflix that he made arrangements with vendors and prospective vendors to make kickback payments of cash and stock options to KAIL in exchange for KAIL approving contracts and invoices between Netflix and those vendors;

    b. KAIL's advisory agreements with vendors to Netflix falsely affirmed that he had no conflicts of interest preventing him from acting as an advisor to such companies;

    c. KAIL directed that payments be sent to his personal address. When KAIL received communications from Netflix suppliers by email about payments or stock options that had been granted to him, he instructed suppliers to send future correspondence to his private email address. KAIL also met with individuals to discuss compensation at locations away from Netflix's Los Gatos, California headquarters;

    d. When questioned about the purpose and accounting of some VistaraIT invoices, KAIL misrepresented to other Netflix employees the services provided under the invoices; and

    e. When questioned by Netflix's Chief Executive Officer about conflicts of interest, KAIL falsely denied that he was receiving compensation from vendors to Netflix.

## USE OF WIRES AND MAILINGS

25. KAIL used email communications to carry out an essential part of the scheme to defraud by signing and transmitting contracts electronically using the DocuSign service. KAIL also used email communications through his personal email account and his netflix.com email account, both hosted by Google, to carry out an essential part of the scheme to defraud. KAIL did so by negotiating, calculating, requesting, and discussing his kickbacks from Netenrich, VistaraIT, and other companies listed in Counts One through Nineteen, below.

INDICTMENT,
UNITED STATES V. MICHAEL KAIL                                      4

26. Kail used and directed others to use United States Mail and Federal Express to send executed advisory agreements and stock options paperwork to and from the companies listed in Counts Twenty through Twenty-Two, below.

COUNTS ONE THROUGH NINETEEN: (18 U.S.C. §§ 1343 and 1346 – Wire Fraud)

27. The factual allegations at Paragraphs One through Twenty-Six are realleged and incorporated herein.

28. On or about the dates alleged below, in the Northern District of California and elsewhere, the defendant,

MICHAEL KAIL,

having knowingly and intentionally devised a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing such a scheme and artifice and attempting to do so, did knowingly cause to be transmitted, by means of wire communications in interstate and foreign commerce, specifically the interstate wires described in the table immediately below, each communication being a separate count of this Indictment:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 1 | 4/6/2013 | Transmission via DocuSign of signed Netskope, Inc. 2012 Stock Incentive Plan Stock Option Agreement |
| 2 | 7/9/2014 | Transmission via DocuSign of Netskope, Inc. Order Form |
| 3 | 7/10/2014 | Transmission via DocuSign of Netskope, Inc. End User License Agreement |
| 4 | 4/30/2013 | Transmission via DocuSign of Maginatics, Inc. Advisory Board Agreement |
| 5 | 5/30/2013 | Transmission via DocuSign of Docurated, Inc. Terms of Agreement |
| 6 | 6/3/2013 | Transmission via DocuSign of Docurated, Inc. Strategic Advisor Agreement |
| 7 | 1/3/2014 | Transmission via DocuSign of Docurated, Inc. Amendment to Strategic Advisor Agreement |
| 8 | 3/21/2014 | Transmission via DocuSign of Docurated, Inc. Terms of Agreement |
| 9 | 6/15/2013 | Transmission via DocuSign of Elasticbox, Inc. Order Form |
| 10 | 6/17/2013 | Transmission via DocuSign of Elasticbox, Inc. Master Services Agreement |
| 11 | 11/27/2013 | Transmission via DocuSign of Elasticbox, Inc. Order Form |

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 12 | 7/12/2013 | Transmission via DocuSign of Sumo Logic, Inc. Netflix Sumologic Renewal Order Form |
| 13 | 8/2/2013 | Transmission via DocuSign of Platfora, Inc. Advisory Board Agreement |
| 14 | 8/22/2013 | Transmission via DocuSign of Platfora, Inc. Amendment One To Evaluation Agreement |
| 15 | 9/19/2013 | Transmission via DocuSign of Platfora, Inc. Software Subscription License Agreement |
| 16 | 3/25/2014 | Transmission via email, "Fwd: sunshine" to Netflix CEO |
| 17 | 2/3/2014 | Transmission via DocuSign of VistaraIT Order Form |
| 18 | 2/3/2014 | Transmission via DocuSign of signed Numerify, Inc. Advisor Agreement |
| 19 | 2/21/2014 | Transmission via DocuSign of signed Numerify, Inc. Master Subscription Agreement |

Each in violation of Title 18, United States Code, Sections 1343 and 1346.

COUNTS TWENTY THROUGH TWENTY-TWO: (18 U.S.C. §§ 1341 and 1346 – Mail Fraud)

29.    The factual allegations at Paragraphs One through Twenty-Six are realleged and incorporated herein.

30.    On or about the dates alleged below, in the Northern District of California and elsewhere, the defendant,

MICHAEL KAIL,

having knowingly and intentionally devised a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing such a scheme and artifice and attempting to do so, did knowingly cause to be sent through the United States Postal Service and private and commercial interstate carriers the following matters, each mailing being a separate count of this Indictment:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 20 | 5/15/2013 | Letter via Certified U.S. Mail from KAIL to Internal Revenue Service re: Election Under Section 83(b) of the Internal Revenue Code for 30,000 shares of Maginatics, Inc. stock |
| 21 | 6/14/2013 | Federal Express mailing of Docurated Advisory Board paperwork |
| 22 | 3/14/2014 | Federal Express mailing of commission checks from Netenrich, Inc. and VistaraIT, Inc. |

Each in violation of Title 18, United States Code, Sections 1341 and 1346.

COUNTS TWENTY-THREE THROUGH TWENTY-NINE: (18 U.S.C. § 1957 – Money Laundering)

31. The factual allegations contained in Paragraphs One through Twenty-Six are realleged and incorporated herein.

32. On or about the dates alleged below, in the Northern District of California and elsewhere, the defendant,

MICHAEL KAIL,

did knowingly engage and attempt to engage in the following monetary transactions by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, transferring funds from a bank account in the name of Unix Mercenary, LLC to himself and to an escrow company for the purchase of his residence, which were received in the form of bribes and kickbacks from Netenrich, VistaraIT, and Netskope, related to Wire Fraud, in violation of Title 18, United States Code, Sections 1343 and 1346, as alleged in Counts One through Three and Eighteen, and Mail Fraud, in violation of Title 18, United States Code, Sections 1341 and 1346, as alleged in Count Twenty-Two:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 23 | 4/23/2013 | Transfer of $25,422 from Unix Mercenary Wells Fargo Bank checking account #3152 to Kail TD Ameritrade account |
| 24 | 7/18/2013 | Wire $70,000 from Unix Mercenary Silicon Valley Bank checking account #2308 to First American Title Company |
| 25 | 9/3/2013 | Transfer $60,000 from Unix Mercenary Silicon Valley Bank checking account #2308 to Kail Silicon Valley Bank savings account #2285 |
| 26 | 9/3/2013 | Transfer of $25,000 from Unix Mercenary Silicon Valley Bank checking account #6623 to Kail Joint Silicon Valley Checking Account |
| 27 | 10/8/2013 | Transfer $30,000 from Unix Mercenary Silicon Valley Bank checking account #2308 to Kail Silicon Valley Bank savings account #2285 |
| 28 | 9/22/2014 | Transfer $11,000 from Unix Mercenary Silicon Valley Bank checking account #2308 to Kail Silicon Valley Bank joint checking account #6619 |
| 29 | 10/24/2014 | Transfer $25,000 from Unix Mercenary Silicon Valley Bank checking account #2308 to Kail Silicon Valley Bank savings account #2285 |

Each in violation of Title 18, United States Code, Section 1957.

FORFEITURE ALLEGATION:   (18 U.S.C. §§ 981(a)(1)(C), 982(a)(1); 28 U.S.C. § 2461(c))

33. The factual allegations contained in Counts One through Twenty-Two are hereby realleged for the purpose of alleging forfeiture to the United States of America pursuant to Title 18,

INDICTMENT,
UNITED STATES V. MICHAEL KAIL                 7

United States Code, Section 981(a)(l)(C) and Title 28, United States Code, Section 2461(c).

34. Upon conviction of any of the offenses in violation of Title 18, United States Code, Sections 1341 or 1343 set forth in Counts One through Twenty-Two of this Indictment, or any of them, the defendant,

MICHAEL KAIL,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including but not limited to the sum of money equal to the total amount of proceeds defendant obtained or derived from, directly or indirectly, from the violation.

35. The factual allegations contained in Counts Twenty-Three through Twenty-Nine are hereby realleged for the purpose of alleging forfeiture to the United States of America pursuant to Title 18, United States Code, Section 982(a)(1).

36. Upon conviction of any of the offenses in violation of Title 18, United States Code, Section 1957 set forth in Counts Twenty-Three through Twenty-Nine of this Indictment, or any of them, the defendant,

MICHAEL KAIL,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1) any property, real or personal, involved in such offense, including but not limited to the real property and improvements at 234 Almendra Drive, Los Gatos, California 95030.

37. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;
    b. cannot be located upon the exercise of due diligence;
    c. has been transferred or sold to, or deposited with, a third party;
    d. has been placed beyond the jurisdiction of the court;
    e. has been substantially diminished in value; or
    f. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

INDICTMENT,
UNITED STATES V. MICHAEL KAIL            8

21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18 United States Code, Sections 981(a)(1)(C), 982(a)(1), Title 28 United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

SENTENCING ALLEGATIONS

38. With respect to the charges in this Indictment, for the purposes of determining the maximum alternative fine, pursuant to Title 18, United States Code, Section 3571(d), the defendant,

MICHAEL KAIL,

derived gross gains of approximately $690,000, and the victim suffered losses of at least approximately $716,000.

A TRUE BILL

DATED: April 26, 2018

*[signature]*
FOREPERSON

ALEX G. TSE
Acting United States Attorney

*[signature]*
BARBARA J. VALLIERE
Chief, Criminal Division

Approved as to Form:

*[signature]*
COLIN SAMPSON
Assistant United States Attorney

INDICTMENT,
UNITED STATES V. MICHAEL KAIL           9

AO 257 (Rev. 6/78)

**SEALED BY ORDER OF COURT**

E-filing

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

## OFFENSE CHARGED

18 U.S.C. §§ 1343, 1346 – Wire Fraud
18 U.S.C. §§ 1341, 1346 – Mail Fraud
18 U.S.C. § 1957 – Money Laundering
18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c) – Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: 18 U.S.C. §§ 1343, 1346 – 20 yrs prison, $1,000,000 fine, 3 yrs supervised release, $100 special assessment; 18 U.S.C. §§ 1341, 1346 – 20 yrs prison, $1,000,000 fine, 3 yrs supervised release, $100 special assessment; 18 U.S.C. § 1957 – 10 yrs prison, $250,000 fine, 3 yrs supervised release, $100 special assessment

### DEFENDANT - U.S

▶ MICHAEL KAIL

DISTRICT COURT NUMBER

**CR 18 00172 BLF**

FILED APR 26 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

HRL

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
**FEDERAL BUREAU OF INVESTIGATION**

☐ person is awaiting trial in another Federal or State Court, give name of court
_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District
_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO. _____

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO. _____

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under _____

Name and Office of Person Furnishing Information on this form: **ALEX G. TSE**
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): **Colin Sampson, AUSA**

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction  } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution _____

Has detainer been filed?  ☐ Yes  ☒ No
If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:
234 Almendra Dr., Los Gatos, CA

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments: