**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL KAIL,<br><br>Defendant. | Case No. 18-cr-00172-BLF-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT; DENYING DEFENDANT'S EX PARTE APPLICATION TO FILE DOCUMENT UNDER SEAL**<br><br>[Re: ECF 22, 23] |

The United States ("Government") has filed an indictment alleging that Defendant Michael Kail ("Kail" or "Defendant") engaged in a scheme between 2012 and 2014 to defraud Netflix, Inc. ("Netflix"), Kail's employer during the relevant time period. On April 26, 2018, a grand jury sitting in this District returned a twenty-nine count indictment charging Defendant with nineteen counts of wire fraud, three counts of mail fraud, and seven counts of money laundering. *See* Indictment, ECF 1. The gist of the charged scheme is that Defendant used his position as Vice President of Internet Technology at Netflix to approve contracts with and payments to third-party vendors, in exchange for "kickbacks." *See* Indictment ¶¶ 17–18.

Kail now seeks to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3) on grounds that the charges against him, as alleged, do not constitute a crime under 18 U.S.C. §§ 1341, 1343, and 1346. *See* Motion to Dismiss Indictment ("Motion") at 1, ECF 23. Kail also requests "that this Court take judicial notice of the search warrant affidavits previously filed under seal and un-sealed at the last hearing in this case." *See* Memorandum in Support of Motion ("Memorandum") at 4, ECF 23-1. In addition, Kail seeks to file under seal pursuant to Criminal Local Rule 56-1 two interrogatories and responses that are under a protective order from a civil case involving Netflix. *See* Ex Parte Application to File Under Seal ("Application"), ECF 22. For the reasons discussed on the record at the hearing on December 11, 2018, and set forth below, Kail's Request for Judicial Notice, Motion, and Application are DENIED.

# I. LEGAL STANDARD

## A. Criminal Local Rule 56-1

Under Criminal Local Rule 56-1, "[a] sealing order may issue only upon a request that establishes that a document is sealable because, for example, the safety of persons or a legitimate law enforcement objective would be compromised by the public disclosure of the contents of the document." Crim. L.R. 56-1(b).

## B. Judicial Notice

Under Federal Rule of Evidence 201(b), a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may not take judicial notice of an element of an offense, since a criminal defendant is entitled to have a jury determine every element of the charged crime. See *United States v. Gaudin*, 515 U.S. 506, 511 (1995) (concluding that "[t]he Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged"). Moreover, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

## C. Federal Rule of Criminal Procedure 12(b)(3)

Rule 12(b) of the Federal Rules of Criminal Procedure permits "any defense which is capable of determination without the trial of the general issue to be raised by pretrial motion." *See United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (internal quotation omitted). Rule 12(b)(3) pertains to alleged defects in the indictment and permits a motion to dismiss for "lack of specificity" or "failure to state an offense." *See* Fed. R. Crim. P. 12(b)(3)(iii)-(v).

# II. DISCUSSION

As an initial matter, the Court recognizes that "[i]n ruling on a pretrial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the

1  indictment" and "must accept the truth of the allegations in the indictment in analyzing whether a
2  cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).
3  *Boren* further instructs that "[t]he indictment either states an offense or it doesn't. There is no
4  reason to conduct an evidentiary hearing." *Id.*

Here, the Court finds Kail's request for judicial notice of search warrant affidavits in support of Kail's motion to dismiss outside "the four corners of the indictment," and thus outside the appropriate scope of the Court's present inquiry. *See id.* Kail also requests judicial notice of two interrogatories and responses that are under a protective order from a civil case involving Netflix. *See* Memorandum at 5, ECF 23-1. The Government argues that this request is improper under *Boren*. *See* Opp'n at 8, ECF 30. The Court agrees. Like the search warrant affidavits, the interrogatories and responses are outside "the four corners of the indictment." *Boren*, 278 F.3d at 914. Moreover, Kail has failed to demonstrate that the interrogatories and responses are sealable because "the safety of persons or a legitimate law enforcement objective would be compromised by the public disclosure of the contents." *See* Crim. L.R. 56-1(b). Accordingly, Kail's request for judicial notice is DENIED and Kail's Application to file under seal at ECF 22 is DENIED.

The Court next turns to Kail's Motion to Dismiss Indictment. ECF 23. Kail argues (1) that "there should be a requirement of actual economic harm to the victim [Netflix] of an honest services fraud" in a private sector case such as this; and (2) that under such a requirement, the indictment fails to state an offense because it does not state "that Netflix suffered [] economic harm by any action taken by Kail." *See* Memorandum at 1, 5, 6, ECF 23-1. The Government counters that the Ninth Circuit does not impose an "actual harm" element in a case such as this "because Netflix is a private company," that this Court should not require such an element, and that in any case, the indictment properly alleges economic harm to Netflix. *See* Opp'n at 3, 4, 6.

The Court recognizes that the Ninth Circuit has not decided "whether in a private sector [honest services fraud] case there might be a requirement that economic damages be shown." *See United States v. Milovanovic*, 678 F.3d 713, 727 (9th Cir. 2012) (en banc). However, the Court finds that here, accepting the allegations in the indictment as true, *see Boren*, 278 F.3d at 914, the indictment sufficiently alleges that Kail's charged scheme caused Netflix to suffer economic harm

3

to survive a motion to dismiss under Fed. R. Crim. P. 12(b)(3). For example, the indictment alleges that Kail's scheme "deprived Netflix of [] its money and property by enabling the vendors to, among other things, negotiate more favorable contracts with Netflix than they would have been able to obtain without [Kail's] assistance." *See* Indictment ¶ 21, ECF 1. In other words, Kail allegedly used his position as Vice President of Internet Technology at Netflix to approve contracts with and payments to third-party vendors, in exchange for "kickbacks," *see* Indictment ¶¶ 17–18, and the terms of those contracts allegedly caused economic harm to Netflix that Netflix would not otherwise have suffered, *see* Indictment ¶ 21. Thus, the Court finds economic damages to the victim, Netflix, due to Kail's actions sufficiently alleged. Accordingly, Kail's Motion at ECF 23 is DENIED and the Court need not and does not reach the question of whether "economic damages" are strictly required in a private sector honest services fraud case.

## III. CONCLUSION

For the foregoing reasons, Kail's Motion to Dismiss Indictment at ECF 23 and Ex Parte Application to File Document Under Seal at ECF 22 are DENIED.

**IT IS SO ORDERED.**

Dated: December 11, 2018

_____
BETH LABSON FREEMAN
United States District Judge