UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MICHAEL KAIL,<br>Defendant. | Case No.18-cr-00172-BLF-1 (VKD)<br><br>**ORDER DENYING MOTION FOR RECUSAL**<br><br>Re: Dkt. No. 32 |

On April 26, 2018, the grand jury returned an indictment charging defendant Michael Kail with nineteen counts of wire fraud, three counts of mail fraud, and seven counts of money laundering. Dkt. No. 1. According to the indictment, between 2012 and 2014 Mr. Kail engaged in a scheme to defraud Netflix, Inc. ("Netflix"), his employer during the relevant time period. *Id*.

On November 28, 2018, the undersigned magistrate judge was assigned to this matter for discovery purposes. The following day, Judge Freeman, who presides over this matter, referred Mr. Kail's pending discovery motion (Dkt. No. 24) to this Court. Dkt. No. 27. A hearing on that motion has been set for December 13, 2018. Dkt. No. 29.

On December 7, 2018, Mr. Kail filed a motion pursuant to 28 U.S.C. § 455(a), requesting that this Court recuse itself from this matter. Mr. Kail correctly observes that before being appointed as a magistrate judge of this district in June 2018, the undersigned was a partner at Fenwick & West LLP and represented Netflix in litigation matters. He argues that the undersigned's prior legal representation of Netflix, the alleged victim in this case, creates a conflict of interest that disqualifies this Court from deciding any matters in this action. The government opposes the motion (Dkt. No. 33), and Mr. Kail filed a reply (Dkt. No. 34). For the

reasons discussed below, this Court concludes that recusal is unwarranted and therefore denies Mr. Kail's motion.

The circumstances requiring recusal are set out in two statutes, 28 U.S.C. §§ 455 and 144, as well as in Canon 3(C) of the Code of Conduct for United States Judges ("Code of Conduct"). Section 455(a) provides that a judge shall disqualify herself "in any proceeding in which [the judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455 goes on to list circumstances in which a judge must recuse herself, including "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1), where in private practice, the judge "served as lawyer in the matter in controversy, or a lawyer with whom [the judge] previously practiced law, served during such association as a lawyer concerning the matter," *id.* § 455(b)(2), or where the judge knows that she, individually or as a fiduciary "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding," *id*. § 455(b)(4); *see also* Code of Conduct, Canon 3(C)(1)(a)-(c) (same). Section 144 also requires a matter to be reassigned to another judge when "the judge before whom the matter is pending has a personal bias or prejudice either against [the party seeking recusal] or in favor of any adverse party . . .." 28 U.S.C. § 144.

"Under 28 U.S.C. § 455, the standard to be employed is an objective one." *United States v. Winston*, 613 F.2d 221, 222 (9th Cir. 1980). A judge is required to recuse herself "only when a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id*. "The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990). The standard "must not be so broadly construed that it becomes, in effect, presumptive, so that the recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* at 913 (internal quotations and citation omitted). Because disqualification under section 455(a) is necessarily fact-driven, analysis of a motion for recusal that invokes section 455(a) must be guided by examining the particular facts and circumstances at

issue. *Id.*

Mr. Kail does not contend that the undersigned or any of her former colleagues at Fenwick had any involvement in the present criminal proceeding or in a civil matter in which Mr. Kail says that Netflix made allegations similar to those at issue here. Rather, the focus of Mr. Kail's motion is that Netflix is the undersigned's former litigation client and the alleged victim in the present criminal action. Dkt. No. 32 at 2. Mr. Kail says that, at a minimum, this prior relationship creates an apparent conflict of interest. *Id.*

The undersigned's prior representation of Netflix is completely unrelated to the present proceedings and does not implicate any matters at issue here. While a partner at Fenwick, the undersigned represented Netflix only in patent litigation matters, and has not represented Netflix in any matter in more than five years. The undersigned has no ongoing relationship with, or financial interest in, Netflix and has not represented Netflix in any matter involving Mr. Kail. While the Court has reviewed matters presented in court filings, the undersigned has no personal knowledge of the disputed evidentiary facts. While Netflix may still be a client of Fenwick, this Court is not aware that any Fenwick lawyer is or was involved in representing Netflix with respect to Mr. Kail in any matter, or that any Fenwick lawyer is likely to be a material witness in any matters involving Mr. Kail.

Although Netflix is the alleged victim in the present action, the commentary to Canon 3C(1)(c) of the Code of Conduct provides that "[i]n a criminal proceeding, a victim entitled to restitution is not, within the meaning of this Canon, a party to the proceeding or the subject matter in controversy." The commentary further provides that "[a] judge who has a financial interest in the victim of a crime is not required by Canon 3C(1)(c) to disqualify from the criminal proceeding," unless "the judge's impartiality might reasonably be questioned under Canon 3C(1) or if the judge has an interest that could be substantially affected by the outcome of the proceeding under Canon 3C(1)(d)(iii)." The undersigned has no ongoing relationship with, or financial interest in, Netflix or any other interest that could be substantially affected by the outcome of the proceeding. For the reasons discussed in this order, this Court concludes that there is no

reasonable basis to question this Court's impartiality.[1]

While this Court understands the importance for the judiciary to maintain not only its impartiality, but also the appearance of impartiality, courts "are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal." *Holland*, 519 F.3d at 912. Under the facts presented here, this Court finds no reasonable basis for recusal, and denies Mr. Kail's motion on that basis.

As the Court appreciates that Mr. Kail may wish to appeal the denial of his motion, the Court takes the December 13, 2018 discovery hearing off calendar to allow time for Mr. Kail an opportunity to appeal this order if he wishes.

**IT IS SO ORDERED.**

Dated: December 11, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] Although Mr. Kail does not raise it as an issue, no one within a third degree of relationship with the undersigned or a spouse of such a person is known to the undersigned to have an interest that could be substantially affected by the outcome of this case.

4