UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>MICHAEL KAIL,<br>　　　　Defendant. | Case No. 18-cr-00172-BLF-1 (VKD)<br><br>**ORDER RE MOTION FOR DISCOVERY OF BRADY/GIGLIO INFORMATION, WITNESS LIST, IDENTIFICATION OF DOCUMENTS, PRODUCTION OF DOCUMENTS**<br><br>Re: Dkt. No. 24 |

Defendant Michael Kail moves to compel the United States to produce certain documents and information, including: (1) *Brady/Giglio*[1] information and documents, (2) all documents required to be produced under Fed. R. Crim. P. 16(a)(1), (3) an identification of the witness statements and documents in the government's possession that have not been produced, (4) an identification of the documents that have been produced that contain *Brady/Giglio* information, and (5) the government's trial witness list. Dkt. Nos. 24, 35. The motion was referred to the undersigned by the presiding judge. Dkt. No. 27.

The Court conducted a hearing on the motion on January 24, 2019. At the hearing, counsel for the parties advised the Court of the current status of the government's production of documents and information. Based on that discussion, the Court understands that the following matters remain in dispute:

1. Whether the government should be required to better facilitate Mr. Kail's ability to review the documents the government has produced to date, including by specifically identifying documents containing *Brady/Giglio* information.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

2. Whether the government should be required to produce all memoranda of witness interviews conducted by an investigatory agency (e.g. FBI, IRS) that contain *Brady* or *Giglio* information.
3. Whether the government should be required to produce transcripts of all grand jury testimony that contains *Brady* or *Giglio* information.
4. Whether the government should be required to identify all memoranda of witness interviews conducted by an investigatory agency that are in its possession.
5. Whether the government should be required to identify the witnesses it intends to call in its case-in-chief.

The Court grants in part and denies in part Mr. Kail's motion as described below.

## I. DISCUSSION

### A. Format and Contents of Document Production

The government has produced at least 200,000 pages of documents to Mr. Kail, and all have been produced as single-page TIFF files. The government has provided an index that identifies the source of each document, and has given Mr. Kail's counsel access to a review platform called "Eclipse." The government confirmed that it has not provided text-searchable OCR versions of the TIFF files, and it is not clear whether the TIFF files can be easily OCR'd or otherwise viewed in a text-searchable format using the Eclipse platform. In any event, Mr. Kail represents that he has not been able to conduct text searches in the files produced by the government and cannot easily distinguish exculpatory or impeachment evidence from other evidence.

The Court orders counsel for the government and for Mr. Kail to confer about the form of the government's document production, with a view to facilitating Mr. Kail's ability to review and analyze the documents that have been produced. Among other matters, counsel are encouraged to discuss whether the documents may be converted to text-searchable format, whether future productions can be made in a format that is more accessible to the defense, and whether a more detailed document production index that does not disclose the government's work product can be provided to the defense.

### B. Potential *Brady/Giglio* Material

The government acknowledges its obligation to review and produce information and documents that include exculpatory material or material that may be used to impeach a government witness, and to produce any such material sufficiently in advance of trial so that Mr. Kail may make effective use of it. Indeed, the government represents that it intends to exceed its constitutional obligations with respect to such production. The parties dispute both the timing and the scope of the government's obligations with respect to two categories of information: (1) witness interviews that contain *Brady* or *Giglio* information, and (2) transcripts of grand jury testimony that contain *Brady* or *Giglio* information.

Mr. Kail argues that the government should review this material for exculpatory or impeachment evidence and produce it without delay. The government acknowledges that no interests of the United States (such as protection of witnesses) are served by withholding this material, but it argues that the Court should not require the government to exceed its constitutional obligations by requiring immediate production. Moreover, the government says that it is not entirely clear what information *Mr. Kail* considers exculpatory or impeaching, and that without further information, the government will make its own assessment and produce the material in due course.

The parties have been engaged in discovery and the production of documents since May 2018. However, it appears that they have not yet conferred regarding the nature and scope of the information properly within the government's production obligations under *Brady* and *Giglio.* To facilitate resolution of this dispute, the Court orders counsel to confer about the nature and scope of *Brady* and *Giglio* material to be produced by the government and about a reasonable schedule for that production. Such discussion shall take into account the volume of the potential production expected to be made and the anticipated trial date.

### C. Identification of Witness Interview Memoranda and Trial Witnesses

Acknowledging that the government is not required to produce Jencks Act material at this time, and that no trial date has been set, Mr. Kail nevertheless asks the Court to order the United States to identify all of the memoranda of witness interviews in its possession and all of the

3

witnesses it intends to call in its case-in-chief at trial so that he may know what testimony may ultimately be relevant to the defense.

The Court denies these requests at this time. As indicated above, the parties are directed to confer about the nature and scope of information to be reviewed and produced by the government in satisfaction of its constitutional obligations under *Brady* and *Giglio*, as well as a timeline for the production of that material. The Court hopes and expects that the conference of counsel will obviate any need for the identification of witness interview memoranda in the government's possession.

With respect to Mr. Kail's request for the government trial witness list, the Court agrees that it may be appropriate for the government to disclose its trial witnesses earlier than the date set forth in Judge Freeman's standing order for pretrial submissions. However, as no trial date has been set, Mr. Kail's request is premature at this time.

## II. CONCLUSION

Counsel shall promptly confer about the matters as directed above and shall jointly file a status report with the Court no later than **February 14, 2019**. The status report should advise the Court of any matters that remain in dispute and should include the parties' respective proposals for resolving any such disputes.

**IT IS SO ORDERED.**

Dated: January 24, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

4