UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL KAIL,<br><br>        Defendant. | Case No. 18-cr-00172-BLF-1<br><br>**ORDER DENYING DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER PERMITTING FILING OF PRETRIAL MOTIONS**<br><br>[Re: ECF 74] |

The United States ("Government") has filed an indictment alleging that Defendant Michael Kail ("Kail" or "Defendant") engaged in a scheme between 2012 and 2014 to defraud Netflix, Inc. ("Netflix"), Kail's employer. *See* Indictment, ECF 1. The Indictment charges Kail with nineteen counts of wire fraud, three counts of mail fraud, and seven counts of money laundering. *See id.* Kail allegedly used his position as Vice President of Internet Technology at Netflix to approve contracts with and payments to third-party vendors, in exchange for "kickbacks." *See id.* ¶¶ 17–18.

On April 23, 2019, the Court entered a scheduling order setting jury trial for March 23, 2020 and the last day to hear dispositive motions on November 7, 2019. ECF 57. When no motions were filed by November 5, 2019, the Court vacated the November 7, 2019 hearing date. ECF 60. On January 24, 2020, the Government filed a notice with the Court advising of its difficulties in contacting Defendant's then-attorney of record, Mr. Ainley. ECF 63. On January 29, 2020, the Court authorized the substitution of new defense counsel, Ms. Jayne. ECF 65.

On February 6, 2020, the parties appeared before the Court. In light of Defendant's abrupt change of counsel, the Court reset the trial to February 19, 2021. ECF 66. At the February 6, 2020 hearing, the Court reminded the parties that the deadline to file dispositive motions had passed and therefore no dispositive motions were to be filed without leave of Court. Recognizing the Court's

direction, Defendant now moves for leave to "file a Motion to Dismiss for Lack of Notice and In the Alternative, for a Bill of Particulars." Defendant's *Ex Parte* Application for Order Permitting Filing of Pretrial Motions ("Application") ¶¶ 4, 7, ECF 74. For the reasons stated below, the Court DENIES Defendant's Application.

## I. DEFENDANT'S PRIOR MOTIONS

On September 14, 2018, Defendant, through his then-counsel of record Mr. Ainley, filed a Motion to Compel Discovery (ECF 13) and a related Motion for a Bill of Particulars (ECF 14). Defendant argued that he did not have sufficient information to understand the specifics of the charges against him, such that he is unable to adequately defend himself. *See* Order Denying Defendant's Motion for Bill of Particulars and to Compel Identification of Documents ("BOP Order") at 1, ECF 19.

On September 26, 2018, the Court denied both motions. BOP Order. The Court found Defendant's "off point" request sought "not the particulars of the Government's *theory* against him, but the particulars of the Government's *evidence* in support of that theory." *Id.* at 3, 4. The Court further noted that "Kail's own briefing makes clear that in fact he does understand the nature of the charges against him" and held that the Indictment "puts Kail on fair and adequate notice as to the theory of the government's case." *Id.* at 4, 5.

On November 27, 2018, Defendant filed a Motion to Dismiss the Indictment on ground that the charges against him, as alleged, do not constitute a crime under 18 U.S.C. §§ 1341, 1343, and 1346. *See* ECF 23. The Court heard arguments on December 11, 2018. ECF 38. The Court denied Defendant's Motion to Dismiss. ECF 36.

## II. DEFENDANT'S APPLICATION

Defendant, through his new counsel Ms. Jayne, moves the Court to file additional pretrial motions on the ground that (1) Mr. Ainley did not file for a Bill of Particulars (and Ms. Jayne's assessment of the Indictment and the discovery has led her to conclude that such a motion is critical for defense counsel to make) and (2) Mr. Ainley's Motion to Dismiss was "not well-founded." Application ¶ 5. In the Application, Defendant argues that the Indictment "fails to include sufficient details" of the alleged crimes and "Mr. Kail does not know what he is defending against." *Id.* ¶¶ 8,

2

13. Specifically, Defendant asserts that "[a]lthough the Indictment vaguely alleges that 'vendors' were able to negotiate 'more favorable contracts' with Netflix, it does not identify what favorable treatment any given vendor or company received, a necessary element of honest services fraud." *Id.* ¶ 10. Defendant further argues that "[t]he Indictment does not inform Mr. Kail what purported fraudulent conduct was undertaken by Mr. Kail to deceive and cheat Netflix of his honest services" with respect to Netflix's vendors listed in the Indictment. *Id.* In addition, Defendant claims that the Indictment "does not identify the particular misrepresentations or omissions made to Netflix regarding each 'vendor.'" *Id.* ¶ 12.

## III. GOVERNMENT'S OPPOSITION

Government opposes the Application because "Defendant already had the opportunity to litigate these motions." United States' Opposition to Defendant's Application ("Opp'n") at 1, ECF 75. Specifically, Government argues that "Defendant's new counsel of record does not establish good cause to set aside the scheduling order, points to no defect in the prior motions or orders, and makes no attempt to rebut the strong presumption that prior counsel's performance fell within the wide range of reasonable professional assistance." *Id.*

## IV. DISCUSSION

From a case management perspective, district Courts are "charged with effectuating the speedy and orderly administration of justice." *United States v. W.R. Grace*, 526 F.3d 499, 508 (9th Cir. 2008). "There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." *Id.* at 508-09. And there is a "well established" principle that "[d]istrict courts have inherent power to control their dockets." *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir.1998).

Defendant has failed to articulate a persuasive reason to modify the Court's scheduling order. Defendant's new counsel appears to have entirely missed a highly relevant part of the record: Defendant's former counsel ***did*** file a Motion for Bill of Particulars – in which Defendant requested

1    the same type of information his new counsel now claims is lacking from the Indictment. For
2    example, in his Motion for Bill of Particulars, Defendant requested that the Government specify the
3    content of every materially false and fraudulent pretense by Defendant and every promise and
4    omission made by Defendant. *See* BOP Order at 3; *see also* ECF 23 at 5. Now, Defendant makes
5    a nearly identical argument that the Indictment "does not identify the particular misrepresentations
6    or omissions made to Netflix regarding each 'vendor.'" Application ¶ 12. Defendant does not get
7    to re-litigate his Motion for Bill of Particulars simply because his new counsel believes that she
8    could have made better arguments. The Court has found that "the indictment provides Kail with the
9    requisite minimum amount of information, and thus the indictment puts Kail on fair and adequate
10   notice as to the theory of the government's case." BOP Order at 5. Defendant fails to acknowledge
11   – let alone identify any legal or factual deficiencies – in the Court's BOP Order. Accordingly, the
12   Court is not persuaded that another motion to dismiss (for lack of notice) or another motion for Bill
13   of Particulars is warranted.

14   Moreover, Defendant's challenge to his former counsel's competence in criminal matters is
15   misguided. Defendant's new counsel points to the website of Mr. Ainley's firm to argue that "Mr.
16   Ainley is exclusively an employment law attorney" and thus was not "adequately experienced in the
17   field of federal criminal defense[.]" Application ¶ 6. How Mr. Ainley chooses to advertise and
18   represent his law firm has no bearing on his effectiveness in this case. Other than a conclusory
19   statement that the Motion to Dismiss he filed was not "well-founded", Defendant fails to point to
20   any actual deficiencies in Mr. Ainley's performance, which is due a high level of deference. *See*
21   *Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("Judicial scrutiny of counsel's performance
22   must be highly deferential."). To the extent that Defendant asserts that Mr. Ainley's representation
23   was ineffective because Mr. Ainley did not file for Bill of Particulars, Defendant is, of course, simply
24   wrong.

25   **V.    ORDER**
26   For the foregoing reasons, the Court DENIES Defendant's *Ex Parte* Application at ECF 74.
27
28   **IT IS SO ORDERED.**

4

Dated: May 28, 2020

*signature*

BETH LABSON FREEMAN
United States District Judge