JULIA M. JAYNE (State Bar No. 202753)
E-Mail: *julia@jaynelawgroup.com*
JAYNE LAW GROUP, P.C.
483 9th Street, Suite 200
Oakland, California 94607
Telephone: (415) 623-3600
Facsimile: (415) 623-3605

Attorneys for Defendant
MICHAEL KAIL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL KAIL et al,<br><br>　　　　Defendant. | Case No. CR 18-00172 BLF<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF MR. KAIL'S COMPENSATION WITH NETFLIX**<br><br>Pretrial Conference: January 14, 2021<br>Time:　　　　1:30 p.m.<br>Dept:　　　　Courtroom 3<br>Judge:　　　　Hon. Beth L. Freeman<br><br>Trial Date:　　February 22, 2021 |

**PLEASE TAKE NOTICE** that on January 14, 2021 or as soon thereafter as this motion may be heard, in the courtroom of the Honorable Beth Labson Freeman, United States District Court Judge, Defendant Michael Kail will and hereby does move this Court *in limine* for an order excluding evidence of Mr. Kail's compensation with Netflix from 2011-2014. This motion is based on the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the accompanying memorandum of points and authorities, the files and records in this matter, all applicable law, and upon such further argument and evidence as may be presented prior to and during the hearing.

JAYNE LAW GROUP, P.C.
483 9th Street, Suite 200
Oakland, California 94607

1  Dated: December 31, 2020                Respectfully submitted,

2
                                           JAYNE LAW GROUP, P.C.
3

4

5                                          By:         /s/ *Julia Jayne*
                                                   Julia Jayne
6                                                  Attorneys for MICHAEL KAIL

## MEMORANDUM OF POINTS AND AUTHORITIES

Mr. Kail earned between $400,000 and $883,000 per year in salary and bonuses at Netflix between 2011 and 2014.[1] The defense anticipates the government will seek to introduce evidence of this compensation at trial. *See* Gov. Exh. 7-8 (Kail's W-2s). Any such evidence should be excluded under Rules 402 and 403. The Ninth Circuit prohibits the bare admission of evidence related to a criminal defendant's financial circumstances when offered to establish a profit motive. *See United States v. Mitchell*, 172 F.3d 1104, 1110 (9th Cir. 1999); *United States v. Bensimon*, 172 F.3d 1121, 1129-30 (9th Cir. 1999) (noting the "limited probative value" and "likely prejudicial effect" of evidence of the defendant's bankruptcy for the purpose of showing financial incentive to commit a crime).

Since "it is in anyone's interest to be richer rather than poorer," evidence of "mere financial interest" unconnected with "inclination, desperation, or other evidence that the person was likely to commit the crime does not add much, in most cases, to the probability that the defendant committed a crime." *Mitchell*, 172 F.3d at 1109; see also *United States v. Unruh*, 855 F.2d 1363, 1377 (9th Cir. 1987) (admonishing that evidence of a defendant's wealth "should not be offered unless clearly connected" to the specific charges or conduct at issue). Although *Mitchell* concerned an impoverished alleged bank robber, the Ninth Circuit explicitly extended its holding to other end of the income spectrum: "A rich man's greed is as much a motive to steal as a poor man's poverty. Proof of either, without more, is likely to amount to a great deal of unfair prejudice with little probative value." *Mitchell*, 172 F.3d at 1108-09.

Given this authority, evidence regarding Mr. Kail's compensation is categorically inadmissible unless the government can connect it directly to the charged offense. *See also United States v. Reyes*, No. 06-cr-00556, Dkt. 1045, at 84:21-91:8 (N.D. Cal. Feb. 17, 2010) (excluding in oral order evidence of salary and bonuses as "too tangential" to intent and motive while admitting evidence of defendant's stock sales and grants directly connected to stock-inflation scheme), *aff'd*,

---

[1] Mr. Kail started working at Netflix in June 2011 and left in August 2014, so there are only two W2s for complete years.

660 F.3d 454, 463-64 (9th Cir. 2011); *see also United States v. Ferguson*, No. 3:06-cr-137, 2007 WL 4240782, at *1 (D. Conn. Nov. 30, 2007) (same). This it cannot do. Mr. Kail's compensation at Netflix is not probative of whether he engaged in honest services fraud.

Here, it is undisputed that Mr. Kail received consulting fees, earnings, and distributions from exercise options from various companies; such earnings will be introduced by the government at trial and are independent of Mr. Kail's income and bonuses at Netflix. If anything, the progressive increase in Mr. Kail's salary shows that Netflix was pleased with his job performance, which of course included bringing in new technology vendors to streamline and create efficiency within Netflix. But ultimately, the *amount* of his income is not relevant to any disputed issue at trial.

Meanwhile, admission of Mr. Kail's compensation would have significant prejudicial effect. Mr. Kail's compensation could trigger unwarranted negative associations on the part of certain jurors to infect their view of the evidence. *See Mitchell*, 172 F.3d at 1109; *United States v. Reyes, supra*, No. 06-cr-00556, Dkt. 1045, at 86:15-23 ("[I]f you start talking about those particular numbers [salary and bonus], you excite the jurors' antipathy, potential antipathy towards someone who is well off. And, maybe he was way over-compensated. Maybe he wasn't. But, but, it doesn't prove – because he was or wasn't over-compensated doesn't establish whether or not he backdated other people's options.")

In addition, if evidence of Mr. Kail's compensation were admitted, it would necessitate the admission of additional testimony and evidence concerning the components of his compensation and W2s and possibly even a comparative analysis of CTO salaries in the industry in that time period. Given that the amount of Mr. Kail's compensation and additional earnings are not in dispute, this sideshow would be especially wasteful. Accordingly, the Court should exclude all evidence of Mr. Kail's compensation under Rule 403.

## CONCLUSION

For the reasons stated, Michael Kail requests that the Court grant this motion.

Dated: December 31, 2020               Respectfully submitted,

                                       JAYNE LAW GROUP, P.C.


                                       By:        /s/ *Julia Jayne*
                                                  Julia Jayne
                                                  Attorneys for MICHAEL KAIL