1  DAVID L. ANDERSON (CABN 149604)
   Acting United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  COLIN C. SAMPSON (CABN 249784)
   DANIEL KALEBA (CABN 223789)
5  Assistant United States Attorneys

6         450 Golden Gate Avenue, Box 36055
           San Francisco, California 94102-3495
7          Telephone: (415) 436-7020
           FAX: (415) 436-7009
8          Colin.Sampson@usdoj.gov

9  Attorneys for United States of America

10 JULIA JAYNE (CABN 202753)
   Jayne Law Group
11        483 9th Street, Suite 200
           Oakland, CA 94607
12         Phone: (415) 623-3600
           Fax: (415) 623-3605
13         Email: julia@jaynelawgroup.com

14 Attorney for Defendant Michael Kail

15

16                          UNITED STATES DISTRICT COURT

17                         NORTHERN DISTRICT OF CALIFORNIA

18                                  SAN JOSE DIVISION

19 UNITED STATES OF AMERICA,            )   CR 18-00172 BLF
                                        )
20         Plaintiff,                   )   JOINT PRETRIAL STATEMENT
                                        )
21    v.                                )   Pretrial:  January 14, 2021 1:30 p.m.
                                        )   Trial:     February 22, 2021
22 MICHAEL KAIL,                        )   Court:     Honorable Beth Labson Freeman
                                        )
23         Defendant.                   )
                                        )
24                                      )

25

26

27

28

JOINT PRETRIAL STATEMENT,
CR-18-00172 BLF

Counsel for the United States of America (the "government"), through Assistant U.S. Attorneys Colin Sampson and Daniel Kaleba, and counsel for Defendant, Michael Kail ("Kail," or "Defendant"), respectfully submit the following Pretrial Conference Statement pursuant to Crim. L. R. 17.1-1(b) and this Court's Standing Order for Criminal Cases:

**(1)  Disclosure and contemplated use of statements or reports of witnesses under the *Jencks* Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2.**

The United States has disclosed and produced to Defendant statements and reports of witnesses it intends to call at trial under the *Jencks* Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2. As the government obtains new transcripts, reports, and information, they will be provided to Defendant. The United States has further produced draft financial summaries and money laundering analyses prepared by an FBI Financial Analyst witness, Carleen Kikugawa, and noticed Ms. Kikugawa as an expert regarding the method of fraud proceeds tracing to be proven at trial.

**(2)  Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial.**

The United States does not intend to call witnesses in its case in chief that testified before the Grand Jury in this matter, and therefore has opposed Defendant's Motion to Compel the production of other grand jury transcripts (Dkt. No. 79).

**(3)  Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment.**

The United States believes that it has supplied all materials that may be relevant as *Brady* material, and recognizes its obligation to continue to provide any such materials within its possession, custody, or control. The United States understands its continuing duty to comply with Rule 16 and will do so.

As of this date, the United States is not aware of any additional exculpatory material or impeachment information that would be subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Bagley*, 473 U.S. 667 (1985), and/or *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), other than what has already been

1  provided or disclosed to Defendant. The United States continues to review materials in its possession for
2  potential exculpatory or impeachment information.

**(4)   Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses.**

The government has provided an initial set of evidentiary stipulations for Defendant to consider. At this time, the parties have not finalized stipulations to present to the Court. In the event the parties reach agreement, the stipulations will be reduced to writing, signed by the parties, filed with the Court, and published to the jury at the appropriate time during the course of the trial.

**(5)   Appointment by the Court of interpreters under Fed. R. Crim. P. 28**

The parties do not anticipate the need for Court-appointed interpreters.

**(6)   Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations.**

The United States anticipates proceeding to trial on all twenty-nine counts alleged in the Indictment. Other than potential evidentiary or factual stipulations, the parties are unaware of any issues that can be eliminated prior to trial outside of the Motions *in Limine*.

**(7)   Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant.**

Michael Kail is the only defendant charged in the Indictment.

**(8)   Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.**

Identification is not at issue in this trial. The United States did not use informers during the criminal investigation of the conduct that gave rise to the Indictment.

**(9)   Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal.**

The parties exchanged witness lists on October 22, 2020, and Defendant has recently amended its witness list.  The parties respectfully reserve their right to amend those lists prior to and during the trial, if necessary.

**(10)   Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal.**

The parties first exchanged exhibit lists on October 22, 2020, and both parties have amended their exhibit lists. The parties respectfully reserve their right to amend those lists prior to and during the trial, if necessary. No later than February 18, 2021, the parties will provide the Court with three sets of all pre-marked exhibits in clearly labeled three-ring binders containing copies of the exhibits the parties intend to introduce at trial. The United States continues to prepare summaries, diagrams, and demonstrative exhibits in anticipation of trial, and will share them with defense counsel as they are completed.

**(11)   Pretrial resolution of objections to exhibits or testimony to be offered at trial**

The parties anticipate working together to resolve objections to exhibits and testimony before bringing any matters to the attention of the Court.

**(12)   Preparation of trial briefs on controverted points of law likely to arise at trial**

The United States has filed eight Motions *in Limine* in an attempt to resolve anticipated disputes of law likely to arise at trial. Defendant has filed six Motions *in Limine* and a Motion to Compel.

**(13)   Scheduling of the trial and of witnesses**

A reasonable estimate for presentation of the United States' case-in-chief is eight complete days, excluding time dedicated to jury selection and opening arguments. Defendant estimates an additional 2-4 days for his case-in-chief, should he choose to present one.

**(14)   Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, *voir dire* questions, exercise of peremptory and cause challenges and jury instructions.**

The parties have filed one set of joint and disputed *voir dire* questions. Unless noted, the questions are agreed by the parties, however, the United States defers to the Court regarding preliminary *voir dire*. The United States and Defendant respectfully request an opportunity to address prospective jurors directly regarding the topics outlined in its proposed *voir dire* questions. The United States and Defendant are filing their proposed jury instructions herewith.

//

**(15) Any other matter which may tend to promote a fair and expeditious trial**

The parties anticipate working together and with witnesses and the Court to ensure safety of all participants in the trial and compliance with the Court's standing orders regarding health protocols in light of the COVID-19 pandemic. The partiers further anticipate working together to resolve other matters in an effort to promote a fair and expeditious trial and will timely bring to the Court's attention those matters upon which they disagree.

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

Dated: January 7, 2021.

*/s/ Colin Sampson*
COLIN SAMPSON
DANIEL KALEBA
Assistant United States Attorneys

Dated: January 7, 2021.

*/s/ Julia Jayne*
JULIA JAYNE
Attorney for Defendant Michael Kail