DAVID L. ANDERSON (CABN 149604)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

COLIN C. SAMPSON (CABN 249784)
DANIEL KALEBA (CABN 223789)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7020
    FAX: (415) 436-7009
    Colin.Sampson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL KAIL, <br><br> Defendant. | CR 18-00172 BLF <br><br> UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF DEFENDANT'S SALARY (ECF NO. 91) <br><br> Pretrial: January 14, 2021 1:30 p.m. <br> Trial: February 22, 2021 <br> Court: Honorable Beth Labson Freeman |

    Michael Kail (hereafter "Defendant"), who is defending against twenty-two counts of wire and mail fraud related to his scheme to defraud his then-employer, Netflix, Inc. ("Netflix"), argues that evidence of his salary at Netflix should be excluded. Appearing to conceding its relevance, Defendant argues that evidence of his salary alone is sufficient to engender prejudice against him by the jury to warrant exclusion of such evidence. The Court should deny Defendant's Motion, or reserve a ruling until other evidence is received at trial.

    Defendant wrongly argues that any evidence of his salary is "categorically inadmissible." (ECF

No. 91, p. 3).[1]  Defendant cites no honest services fraud cases, but rather cites a bank robbery case and a securities fraud case.  In neither did the victim of the fraud pay the defendant's salary.  Moreover, in *United States v. Mitchell*, 172 F. 3d 1104 (9th Cir. 1999), and *United States v. Bensimon*, 172 F. 3d 1121 (9th Cir. 1999), it was the admission of evidence of the defendant's lack of funds or bankruptcy to establish motive that caused the Ninth Circuit to reverse.  In *United States v. Unruh, et al.*, 855 F. 3d 1363, 1377 (9th Cir. 1987), it was evidence of the defendant's "use of the facade of wealth . . to induce borrowers" that the Ninth Circuit disapproved.  Defendant cites dicta in *Bensimon* to support his claim that evidence of wealth "without more" is unduly prejudicial.  *Id*., 172 F. 3d at 1129.  As the evidence is not being used to establish motive or intent under Rule 404(b), the Court should not rely on these cases in excluding the evidence.

Defendant is no pauper, and the government is not seeking to introduce evidence of his salary to show that he was motivated to commit the fraud as a result of poverty.  Nor is the government seeking to introduce the evidence to show that his salary gave him a motive to seek bribes and kickbacks.  Indeed, Netflix's "Culture Deck," a statement of the company's guiding principles (which includes a picture of Jeffrey Skilling, who was charged with taking bribes and kickbacks), states that employees are paid at the "top of market." The government anticipates that evidence at trial will include Netflix's philosophy of paying employees very well, in part to ensure loyalty and avoid financial conflicts of interest.  Indeed, should Defendant's argue that his pay at Netflix left him with little incentive to cheat the company, the government would be unable to rebut him with a comparison of the hundreds of thousands of dollars in cash and shares to his high six-figure salary.

Defendant misconstrues the evidence, arguing that his raises reflect Netflix's happiness with his work.  Defendant is not charged with discharging his duties poorly, rather, he is charged with violating his fiduciary duties to his employer, which paid him handsomely for what is believed was his performance of those duties.  Only after Mr. Kail left Netflix did it discover that he had lied about his lack of conflicts of interest with companies that Netflix was paying for its IT needs.  Evidence of the

---

[1] This is also the first time the defense has stated that "it is undisputed that Mr. Kail received consulting fees, earnings, and distributions from exercise options from various companies." *Id.*

salary paid by the victim employer is direct evidence inextricably related to the crime charged in this case. Although the government would consider a stipulation that would avoid the need to introduce the W-2s, the evidence is relevant and not overly prejudicial for the charged white-collar crimes.

There is little doubt that Defendant will *voir dire* the prospective jurors about biases toward defendant, and his affluence in particular. The jury, being properly instructed (including limiting instructions), will accept the evidence only for its proper purpose. Defendant's Motion, in effect, demonstrates his lack of faith in a properly instructed jury or in the Court to ensure that such evidence is not highlighted by the government to effect prejudice.

Finally, evidence of Defendant's salary at Netflix will be curiously absent in light of the evidence of his job duties, corporate policies, and voluminous evidence of his receipt of hundreds of thousands of dollars and thousands of share options in tech startups. Defendant's W-2s for the years at issue will also help the jury distill the financial analysis of the flow of funds into the residence and particularly the downpayment, some of which is traceable to the fraud scheme and some of which was traceable to Defendant's salary from Netflix.

## I.   CONCLUSION

Evidence of Defendant's salary at Netflix, the company he allegedly defrauded through a bribe and kickback scheme, is relevant and its probative value does not outweigh any prejudicial effect. For the foregoing reasons, the Court should deny Defendant's Motion *In Limine* to exclude any evidence of the salary paid to him by the victim of the alleged fraud scheme, or in the alternative delay a ruling until trial.

DATED: January 7, 2021.                        Respectfully submitted,

DAVID L. ANDERSON
United States Attorney


*/s/ Colin Sampson*
DANIEL KALEBA
COLIN C. SAMPSON
Assistant United States Attorneys