**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　v.<br>MICHAEL KAIL,<br>　　　　　Defendant. | Case No. 18-cr-00172-BLF-1<br><br>**ORDER DENYING MOTION TO COMPEL GRAND JURY MATERIALS** |

On April 26, 2018, Defendant Michael Kail was charged with nineteen counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 1346, three counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 1346, and seven counts of money laundering in violation of 18 U.S.C. § 1957. *See* Indictment, ECF 1. Kail allegedly used his position as Vice President of Internet Technology at Netflix, Inc. to approve contracts with and payments to third-party vendors, in exchange for "kickbacks." *See id.* ¶¶ 17–18. Presented to the Court is Kail's motion to compel grand jury material pursuant to Federal Rule of Criminal Procedure 6(e). Mot., ECF 79. Kail requests "an order directing the government to disclose all aspects of the grand jury proceedings, including instructions and all witness testimony, leading to the indictment in this matter." *Id.* at i. The prosecution opposes the request, asserting that Kail has not shown a "particularized need" to disclose secret grand jury matters and that the request is untimely. Opp., ECF 80. For the reasons discussed below and on the record at the January 14, 2021 hearing, the Court DENIES the motion.

Rule 6(e)(2)(B) prohibits the prosecution from disclosing a "matter occurring before the grand jury" unless the rules permit otherwise. The Supreme Court has "consistently . . . recognized

that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 218. "Rule 6(e)(3)(E)(i) permits the Court to order the disclosure of grand jury matters "preliminarily to or in connection with a judicial proceeding." Such disclosures "may be ordered if the party seeking disclosure has demonstrated that a particularized need exists that outweighs the policy of grand jury secrecy." *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985); *see also Douglas Oil*, 441 U.S. at 222-23.

Kail's motion is untimely. The deadline for pretrial motions passed on November 7, 2019. ECF 57; *see also* Fed. R. Crim. P. 12(b)(1); Fed. R. Crim. P. 47(c). The Court has reminded Kail of this deadline twice now. *See* ECF 74. The Court also notes that Kail's motion serves as an attack on the probable cause supporting the indictment. *See, e.g.*, Mot. at 7 ("it appears the government lacks facts that demonstrate it can meet its burden to prove a quid pro quo exchange"). This Court has already ruled on Kail's Motion for a Bill of Particulars, ECF 14, and Motion to Dismiss the Indictment, ECF 38. It also rejected a subsequent motion for leave to file a Motion to Dismiss for Lack of Notice and In the Alternative, for a Bill of Particulars. ECF 74. Kail cannot simply repackage his motion in an attempt to subvert the Court's prior Orders.

Even assuming the motion was timely, Kail has failed to establish "particularized need" for disclosure. Fed. R. Crim. P. 6(e); *Douglas Oil*, 441 U.S. at 228. "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil*, 441 U.S. at 222. "Mere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the 'particular need' required to outweigh the policy of grand jury secrecy." *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) (citations omitted). The decision whether to disclose grand jury materials is at the "sound discretion of the trial court."

*United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985).

Kail has offered nothing more than bald speculation to support his grand jury requests. His motion largely attacks the sufficiency of evidence supporting the indictment. For example, he argues that "[e]ach vendor was interviewed and none of them claimed that they received any favorable treatment from Mr. Kail. Further, Netflix witnesses did not make statements that the vendors received more favorable contracts; to the contrary, the evidence shows that Mr. Kail drove a hard bargain and negotiated prices downwards." Mot. at 7. He offers no facts, particularized or otherwise, to support this broad contention. Similarly, Kail argues that "from the evidence produced to date, which of course does not include the grand jury transcripts, it appears the government lacks facts that demonstrate it can meet its burden to prove a quid pro quo exchange." Mot. at 5. Again, Kail fails to offer particularized and factually based grounds for his request. Although Kail claims to have interviewed the 40 vendors implicated in this case, *see* Mot. at 6, the motion is devoid of any evidence derived from such interviews. Instead, this motion, as in *Ferreboeuf*, appears to be a defense fishing expedition. 632 F.2d at 835 (affirming denial of requested in camera review of grand jury matters). Elsewhere, Kail argues that the prosecution has "refused to turn over grand jury transcripts based on its strategic decision not to call any grand jury witnesses as trial witnesses." Mot. at 8. The Court is not quite sure what nefarious strategy Kail is attempting to impute onto the prosecution; the Court need not speculate, however, because the prosecution's burden will only heighten at trial.

Kail's motion also fails as it is staggeringly overbroad and not "structured to cover only material so needed." *Douglas Oil*, 441 U.S. at 222. By comparison, in *United States v. FedEx Corp.*, the defendant moved for disclosure of instructions on three points of law. 14-cr-00380 CRB, ECF 165 at 1 (N.D. Cal. Jan. 19, 2016). Here, Kail seeks "an order directing the government to disclose all aspects of the grand jury proceedings, including instructions and all witness testimony, leading to the indictment in this matter." *Id*. at i; s*ee also US v. Lin et al.*, 15-cr-65-

3

BLF, ECF 223 at 3 (N.D. Cal. May 3, 2018) (rejecting grand jury material request for "all legal instructions" and "all statements . . . conveying evidence or argument."). Such a sweeping request is not supported by Rule 6(e) or *Douglas Oil*.

The motion is therefore DENIED.

**IT IS SO ORDERED.**

Dated: January 25, 2021

_____
BETH LABSON FREEMAN
United States District Judge