JULIA M. JAYNE (State Bar No. 202753)
E-Mail: *julia@jaynelawgroup.com*
JAYNE LAW GROUP, P.C.
483 9th Street, Suite 200
Oakland, California 94607
Telephone: (415) 623-3600
Facsimile: (415) 623-3605

Attorneys for Defendant
MICHAEL KAIL

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL KAIL et al,<br><br>　　　　Defendant. | Case No. CR 18-00172 BLF<br><br>**DEFENDANT MICHAEL KAIL'S REPLY TO GOVERNMENT'S OPPOSITION REGARDING FORFEITURE AND VERDICT FORM**<br><br>Dept:　　　　Courtroom 3<br>Judge:　　　Hon. Beth L. Freeman<br><br>Trial Date:　　March 22, 2021 |

Michael Kail submits the following Memorandum in Reply to the Government's Opposition to Defendant's Memorandum Re Forfeiture and Verdict Form (ECF No. 128).

**I.     Section 1957 Does Not Authorize Forfeiture Under the Facilitation Theory**

The forfeiture statutes are broad, not specifying which language applies to violations of Section 1956 or 1957. But as described in Defendant's opening Brief, the parameters of the two money laundering statutes are very different, particularly as applied in the forfeiture context, and *United States v Rutgard*, 116 F.3d 1270 (9th Cir. 1997) remains good law. The government does not distinguish *Rutgard* and still relies on cases involving § 1956: *United States v. Huber*, 404 F.3d 1047, 1058 (8th Cir. 2005) (involved *both* money laundering statutes, and thus commingling was relevant); *United States v. Warshak*, 2008 WL 509258, at *1 (S.D. Ohio 2008) (involved a

violation of § 1956 only and jury was instructed on facilitation theory); *United States v.Nicolo*, 597 F. Supp. 2d 342, 355 (W.D.N.Y. 2009) (involved both money laundering statutes and relying on facilitation theory of laundering). *United States v. Segal*, 339 F.Supp.2d, 1039, 1044 (N.D. Ill. 2004), though not binding, is far afield as well – the forfeiture is based on the racketeering statute, 18 U.S.C. § 1962, and the case dealt with the Defendant's particular interest in the *enterprise*.

Here, the government seeks forfeiture of the entire property under a facilitation theory of § 982, on the basis, presumably, that it contains tainted and legitimate funds. The government, without specifically saying so, seems to be arguing that the legitimate funds in the property facilitated the money laundering violation by *concealing* the tainted funds in the account.

This "facilitation theory" was derived from a passage in the legislative history of Section 981, Section 982's civil counterpart, which reads in part: "[T]he term 'property involved' is intended to include the money or other property being laundered (the corpus), any commissions or fees paid to the launderer, and any property used to facilitate the laundering offense." *United States v. Tencer*, 107 F.3d 1120, 1134 (5th Cir. 1997).

*Tencer*, like the cases cited by the government, involved money laundering in violation of § 1956, and thus, should be read narrowly. Forfeiture based on a facilitation theory is only supported when property has been concealed in violation of a § 1956 money laundering offense and not in the context of § 1957. Unlike a § 1956 offense, which requires proof regarding the concealment or disguising of the source or location of criminally derived proceeds, a § 1957 violation requires no element of concealment. As such, the application of the facilitation theory in the context of a § 1957 offense makes no sense.

However, <u>if</u> the Court holds that facilitation applies to a § 1957 violation and rejects Defendant's argument, forfeiture can only be sustained when there is a *substantial nexus* between the money laundering offense and the property sought for forfeiture.

## CONCLUSION

For the reasons stated herein, Defendant's instruction re Forfeiture should be given to the jury. Otherwise, the jury should be instructed on substantial nexus.

**DEFENDANT'S REPLY RE FORFEITURE, CASE CR 18-0172 BLF**

Dated: February 10, 2021                    Respectfully submitted,

                                            JAYNE LAW GROUP, P.C.

                                            By:        /s/ *Julia Jayne*
                                                  Julia Jayne
                                                  Attorneys for MICHAEL KAIL

LAW OFFICES
JAYNE LAW GROUP, P.C.
483 9TH STREET, SUITE 200
OAKLAND, CALIFORNIA 94607