STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

COLIN C. SAMPSON (CABN 249784)
DANIEL KALEBA (CABN 223789)
Assistant United States Attorneys

> 450 Golden Gate Avenue, Box 36055
> San Francisco, California 94102-3495
> Telephone: (415) 436-7020
> FAX: (415) 436-7009
> daniel.kaleba@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL KAIL,<br><br>Defendant. | Case No. 5:18-CR-00172-BLF<br><br>UNITED STATES' DISCLOSURE OF SUMMARY TESTIMONY AND SUMMARIES OF VOLUMINOUS EVIDENCE |

The United States of America ("United States") hereby provides notice that it intends to call Federal Bureau of Investigation Financial Analyst Carlene Kikugawa to provide summary witness testimony at trial. The United States also hereby provides notice that it intends to introduce into evidence summaries of voluminous evidence pursuant to Federal Rule of Evidence 1006 and 611(a).

Defendant Michael Kail is charged in Counts 1 through 19 of the Indictment with wire fraud and honest services fraud, in violation of 18 U.S.C. §§ 1343 and 1346, in Counts 20 through 22 with mail fraud and honest services mail fraud in violation of 18 U.S.C. §§ 1341 and 1346, and in Counts 23 through 29 of the Indictment with engaging in monetary transactions in property derived from specified

unlawful activity, in violation of 18 U.S.C. §1957. Several categories of financial and business records will be introduced at trial, including but not limited to the following:

1. Bank account and financial records from Wells Fargo Bank, accounts #xxxxx3142 and #xxxxx4748;

2. Bank account and financial records from Silicon Valley Bank, accounts #xxxxx6623, #xxxxx2308, #xxxxx2285, and #xxxxx6619;

3. Bank account and financial records from TD Ameritrade, Account #xxxxx6608;

4. Charles Schwab account #xxxxx0071;

5. Home purchase and escrow records from First American Title Company;

6. Financial records seized in the search of Defendant's residence on November 30, 2015; and

7. Invoices and Purchase Orders admitted at trial.

The use of a summary witness and summaries of voluminous evidence will assist the jury in understanding the evidence presented at trial.

**I.     NOTICE OF SUMMARY WITNESS TESTIMONY**

The United States intends to introduce summary witness testimony at trial. Specifically, during its case-in-chief, the government intends to call Federal Bureau of Investigation ("FBI") Financial Analyst Carlene Kikugawa as a summary witness.

Subject to Rule 611(a), the government may call a summary witness to summarize voluminous evidence. The use of a summary witness in complex conspiracy cases is an accepted practice. *See United States v. Baker,* 10 F.3d 1374, 1412 (9th Cir. 1993) (admitting a summary agent's testimony "was a valid exercise of the district court's discretion"), *overruled on other grounds in Apprendi v. New Jersey*, 530 U.S. 466 (2000). Summary testimony is admissible if it will "make the interrogation and presentation effective for the ascertainment of the truth . . . ." Fed. R. Evid. 611(a); *see also United States v. Olano*, 62 F.3d 1180, 1203-04 (9th Cir. 1995) (permitting the testimony of a summary witness who used "a number of charts . . . [to summarize] the evidence presented by the government's preceding witnesses" in a fraud case); *United States v. Marchini*, 797 F.2d 759, 766 (9th Cir. 1986) (approving the testimony of an IRS summary witness based on evidence adduced at trial, which included the testimony

of the previous witnesses and the government's exhibits).

The United States anticipates that the evidence in this case will establish that Defendant received hundreds of thousands of dollars from three companies (Netenrich, Inc., VistaraIT, LLC, and Netskope, Inc.), and received tens of thousands of options in eight companies (Netenrich, Inc., Netskope, Inc., Platfora, Inc., Sumo Logic, Inc., Maginatics, Inc., Elasticbox, Inc., Numerify, Inc., and Docurated, Inc.) while he was involved in evaluating or purchasing products and services from those companies as Vice President of IT Operations at Netflix, Inc. The United States further anticipates that the evidence will establish that Defendant conducted numerous financial transactions with the cash proceeds of the fraud scheme by transferring proceeds from accounts in the name of Unix Mercenary, LLC to other accounts Mr. Kail controlled, and to First American Title Company for the 2013 purchase of his residence. As a result of numerous deposits and financial transactions involving at least seight bank accounts at four financial institutions over approximately 30 months, it is anticipated that the evidence in this case is sufficiently voluminous to call for a summary witness. *See United States v. Olano*, 62 F.3d 1180, 1203-04 (9th Cir. 1995) (permitting the testimony of a summary witness who used "a number of charts . . . [to summarize] the evidence presented by the government's preceding witnesses" in a fraud case); *see also United States v. Paulino*, 935 F.2d 739, 753–54 (6th Cir. 1991) (approving the use of a summary witness to explain the government's exhibit of an organizational chart of conspiracy members and acknowledging an "established tradition" of allowing summary evidence "to aid the jury in the examination of testimony or documents in evidence."). Ms. Kikugawa's summary testimony will assist the jury in understanding this voluminous evidence and will obviate the need to call witnesses from the banks themselves.

## II.   NOTICE OF INTENT TO INTRODUCE SUMMARIES OF VOLUMINOUS EVIDENCE

The United States intends to introduce summaries of voluminous evidence at trial pursuant to Fed. R. Evid. 1006. Specifically, the Government intends to introduce through Ms. Kikugawa summaries of voluminous bank and financial records.

Rule 1006 governs the admissibility of charts, summaries, or calculations of voluminous

writings, recordings, or photographs that cannot be conveniently examined in court, whereas summary charts "analyzing testimony or documents already admitted into evidence are merely pedagogical devices, and are not evidence themselves." *United States v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991). Rule 1006 summaries must summarize information which is voluminous, available for inspection, and admissible (although not necessarily admitted), and are admissible themselves. *See id.*; *see also United States v. Meyers*, 847 F.2d 1408, 1412 (9th Cir. 1988); *City of Phoenix v. Com/Systems, Inc.*, 706 F.2d 1033, 1038 (9th Cir. 1983); *United States v. Johnson*, 594 F.2d 1253, 1255 (9th Cir. 1979). The proponent of a summary under Rule 1006 must establish the admissibility of the underlying documents as a condition precedent to introduction of the summary. *Johnson*, 594 F.2d at 1257; *see also* 9th Cir. Pattern Jury Instructions (Criminal) 4.16. The proponent must also establish that that underlying documents were made available to the opposing party for inspection. *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1984). Summaries must fairly represent the underlying documents, and their admission into evidence is left to the trial court's discretion. *David & Cox v. Summa Corp.*, 751 F.2d 1507, 1516 (9th Cir. 1985). The Ninth Circuit has repeatedly approved the use of Rule 1006 summaries, particularly where, as here, "when the documents are unmanageable or when the summaries would be useful to the judge and jury." *United States v. Rizk*, 660 F. 3d 1125, 1130 (9th Cir. 2011) (quoting *David & Cox*, 751 F.2d at 1516); *see also Goldberg v. United States*, 789 F.2d 1341, 1343 (9th Cir. 1986) (permitting testimony concerning summaries of voluminous tax records); *United States v. Shirley*, 884 F.2d 1130, 1133 (9th Cir. 1989) (permitting summary chart of telephone calls to help jury organize and evaluate evidence).

The Government also intends to offer into evidence summaries of financial records from banks and stock option paperwork. Some of the bank exhibits are as long as 171 pages. Here, the government intends to offer into evidence five categories of Rule 1006 summaries, all of which will be based upon voluminous, admissible evidence. First, summaries of deposits of alleged specified unlawful activity proceeds into accounts controlled by Defendant and Unix Mercenary, LLC (Attachment A). Second, summaries of the bank accounts and transfers of funds to other accounts controlled by Defendant or

Unix Mercenary, LLC (Exhibit B[1]).  Third, charts of the sources and uses of funds in Defendant's and Unix Mercenary, LLC's accounts.  Fourth, summaries of flows of funds constituting each of Counts 23 through 29.  Lastly, a visual summary of the payments from Netflix, Inc. to certain vendors and the flow of cash and stock to Defendant and accounts he controlled.

The Government intends to offer these summaries into evidence to prove Defendant's control of Unix Mercenary, LLC, and to prove that the proceeds (cash and stock options) of the alleged fraud scheme flowed directly to Defendant or indirectly through his sole-member company, Unix Mercenary, LLC. All of the financial records upon which the summaries will be based which are currently in the government's possession have been provided to Defendant in discovery.  With the exception of documents seized during the search of Defendant's residence, the parties have stipulated to the financial records of Wells Fargo Bank, Silicon Valley Bank, and First American Title as business records. The government expects that approximately 42 exhibits relating to Defendant's and Unix Mercenary, LLC's bank accounts and other financial documents will be introduced to prove the flow of proceeds from the alleged fraud scheme to Defendant, including transactions identified in Counts 23 through 29.  As a result, the government intends to introduce summaries of voluminous admitted evidence on these three subjects pursuant to Rules 1006.

The Rule 1006 summaries and summary charts to be offered or used during the testimony of Ms. Kikugawa will not be finalized until shortly before her testimony because they will incorporate the evidence admitted at trial.  Drafts containing information expected to be admitted and included in summary exhibits are attached here and have previously been produced to Defendant.  Copies of updated summaries will be provided to the Court and Defendant as early as practicable and prior to the witness being called to testify.

//

//

---

[1] Exhibit B also contains witness Kikugawa's analysis of the proceeds of the alleged specified unlawful activity using the lowest intermediate balance method.

1 | Respectfully submitted this 22d day of March, 2021.

STEPHANIE M. HINDS
Acting United States Attorney

*/s/ Colin Sampson*
COLIN SAMPSON
DANIEL KALEBA
Assistant United States Attorney

Attorneys for the United States of America

NOTICE OF SUMMARY WITNESS AND EXHIBITS,
5:18-CR-00172 BLF                                    6