**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br>    v.<br>MICHAEL KAIL,<br>            Defendant. | Case No. 18-cr-00172-BLF-1<br><br>**ORDER DENYING MOTION TO MODIFY OR QUASH TRIAL SUBPOENA** |

On March 17, 2021, non-party Vance Loiselle filed a motion to modify or quash the trial subpoena. ECF 153-3. His motion sought a medical accommodation to testify remotely at trial or, alternatively, to quash the subpoena altogether. *Id*. at 3. Defendant Michael Kail objects to the request to modify the subpoena. ECF 168. The Government objects to the request to quash the subpoena. ECF 171.

The Court DENIES both requests. The "core" of the Confrontation Clause guarantee gives the accused an "opportunity to challenge his accuser in a face-to-face encounter in front of the trier of fact." *United States v. Carter*, 907 F.3d 1199, 1206 (9th Cir. 2018) (quoting *California v. Green*, 399 U.S. 149, 157 (1970). Because this face to-face requirement should not "easily be dispensed with," the Ninth Circuit articulated a two-part test, based on *Maryland v. Craig*, 497 U.S. 836, 850 (1990), for courts to use when evaluating the denial of the constitutional right to confront witnesses. *Id*. at 1202. This confrontation right "may be satisfied absent a physical, face-to-face confrontation only where (1) the denial of such confrontation is necessary to further an important public policy, and (2) the reliability of the testimony is otherwise assured." *Carter*, 907

F.3d at 1205-06). The Ninth Circuit emphasized that the "use of a remote video procedure must be reserved for rare cases in which it is 'necessary." *Id*. at 1206 (citing *Craig*, 497 U.S. at 850).

The Court takes the threat of COVID-19 seriously, but it must also consider Kail's rights under the Constitution. What is "necessary" to allow witnesses to appear by videoconference is a high bar to meet. *See United States v. Casher*, No. CR 19-65-BLG-SPW, 2020 WL 3270541, at *4 (D. Mont. June 17, 2020). Loiselle has failed to meet it here.

Nor can Loiselle meet his burden to quash the subpoena by establishing that any form of his testimony would be unreasonable or oppressive. *United States v. Bergeson*, 425 F.3d 1221, 1225 (9th Cir. 2005). As the Government explains, "[t]he information sought from Mr. Loiselle is unavailable from other sources or witnesses, and his testimony about the paid advisor agreement and the stock option grants are highly material to the jury." ECF 171 at 5.

Nonetheless, the Court recognizes the medical hardship Loiselle faces, and will reduce the number of people in the courtroom to a bare minimum and locate people as far from the witness stand as practically possible during his testimony. The Court GRANTS the motion to seal medical information associated with Loiselle's motion. *See* ECF 153.

**IT IS SO ORDERED.**

Dated: March 26, 2021

_____
BETH LABSON FREEMAN
United States District Judge

2