# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> MICHAEL KAIL, <br> Defendant. | Case No. 18-cr-00172-BLF-1 <br><br> **AMENDED ORDER DENYING MOTION TO MODIFY OR QUASH TRIAL SUBPOENA** |

On March 17, 2021, non-party Vance Loiselle filed a motion to modify or quash the trial subpoena based on a medical condition. ECF 153-3. Loiselle seeks to modify the subpoena to permit Rule 15 deposition testimony or live video conference testimony at trial in lieu of in-person testimony. *Id*. at 2-3. Alternatively, Loiselle seeks to quash the subpoena altogether. *Id*. Defendant Michael Kail objects to the request to modify the subpoena. ECF 168. The Government objects to the request to quash the subpoena. ECF 171. The Court DENIES both requests.

The "core" of the Confrontation Clause guarantee gives the accused an "opportunity to challenge his accuser in a face-to-face encounter in front of the trier of fact." *United States v. Carter*, 907 F.3d 1199, 1206 (9th Cir. 2018) (quoting *California v. Green*, 399 U.S. 149, 157 (1970). Because this face to-face requirement should not "easily be dispensed with," the Ninth Circuit articulated a two-part test, based on *Maryland v. Craig*, 497 U.S. 836, 850 (1990), for courts to use when evaluating the denial of the constitutional right to confront witnesses. *Id*. at 1202. This confrontation right "may be satisfied absent a physical, face-to-face confrontation only where (1) the denial of such confrontation is necessary to further an important public policy, and

(2) the reliability of the testimony is otherwise assured." *Carter*, 907 F.3d at 1205-06). The Ninth Circuit emphasized that the "use of a remote video procedure must be reserved for rare cases in which it is 'necessary." *Id*. at 1206 (citing *Craig*, 497 U.S. at 850). The Court takes the threat of COVID-19 seriously, but it must also consider Kail's rights under the Constitution. What is "necessary" to allow witnesses to appear by videoconference is a high bar to meet. *See United States v. Casher*, No. CR 19-65-BLG-SPW, 2020 WL 3270541, at *4 (D. Mont. June 17, 2020). Loiselle has failed to meet this standard.

Loiselle also moves the Court for "an order providing for, in lieu of personal appearance at trial, a Rule 15 deposition." *See* ECF 153 at 2. Under Federal Rule of Criminal Procedure 15, "[a] party may move that a prospective witness be deposed *in order to preserve testimony for trial*. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a) (emphasis added); *see also United States v. Olafson*, 213 F.3d 435, 442 (2000). "The granting of a Rule 15 motion is discretionary with the district court." *United States v. Nichols*, 534 F.2d 202, 204 (9th Cir.1976). In exercising this discretion, it is the responsibility of the district court to consider "the particular circumstances of each case to determine whether the 'exceptional circumstances' requirement has been satisfied." *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998) (quoting *United States v. Farfan–Carreon*, 935 F.2d 678, 679 (5th Cir.1991)). Once a Rule 15 depositions is taken, that testimony may be used at trial as provided by the Federal Rules of Evidence. *See* Fed. R. Crim. P. 15(f).

The Court denies Loiselle's request to modify the trail subpoena by substituting in-person testimony for a Rule 15 deposition. A Rule 15 deposition is not a substitute for in-person testimony and is subject to the admissibility requirements of the Federal Rules of Evidence. Fed. R. Crim. P. 15(f); *see United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998). Loiselle's motion essentially asks that this Court (1) permit a Rule 15 deposition, (2) make a premature finding that he is unavailable to testify in person under the Federal Rules of Evidence such that his

not-yet-taken, not-yet-introduced deposition is admissible, and (3) excuse him from trial. While the Court has significant discretion to order a Rule 15 deposition, its discretion is significantly curtailed by Defendant's Sixth Amendment rights, the nature of Loiselle's request, and the record before it. Loiselle's request to the Court is far loftier than a Rule 15 motion, and he has fallen short of this elevated bar.

Nonetheless, the Court finds that Loiselle has met the requirements for a Rule 15 deposition. The Ninth Circuit has noted that taking a deposition for use at trial based on a witness' ill health is "within the contemplation of" Rule 15. *Furlow v. United States*, 644 F.2d 764, 767 (9th Cir. 1981) (finding no abuse of discretion in allowing deposition of ill witness and use of deposition testimony at trial); *United States v. Butler*, 116 F. App'x 877, 878 (9th Cir. 2004) (finding no abuse of discretion in granting government's motion to take videotaped deposition of witness whose "ill-health made it impossible for him to travel to testify in person"); *United States v. Prokop*, No. 2:09-CR-00022-MMD, 2014 WL 1154164, at *3 (D. Nev. Mar. 20, 2014) (permitting a Rule 15 deposition where a witness faced "serious health issues" but reserving the question of admissibility of the deposition). The Court highlights that while it will permit a Rule 15 deposition of Loiselle, it does not grant the relief that is the gravamen of his motion—relief from the trial subpoena itself. The Government may preserve Loiselle's testimony by deposition and may request to introduce it at trial, but the Government has not yet made such a request and the Court does not have a sufficient basis to grant such a request at this time.

Nor can Loiselle meet his burden to quash the subpoena by establishing that any form of his testimony would be unreasonable or oppressive. *United States v. Bergeson*, 425 F.3d 1221, 1225 (9th Cir. 2005). As the Government explains, "[t]he information sought from Mr. Loiselle is unavailable from other sources or witnesses, and his testimony about the paid advisor agreement and the stock option grants are highly material to the jury." ECF 171 at 5.

The Court recognizes the medical hardship Loiselle faces, and will reduce the number of people in the courtroom to a bare minimum and locate people as far from the witness stand as practically possible during his testimony. The Court GRANTS the motion to seal medical information associated with Loiselle's motion. *See* ECF 153.

**IT IS SO ORDERED.**

Dated: March 29, 2021

BETH LABSON FREEMAN
United States District Judge