| | |
|---|---|
| 1 | STEPHANIE M. HINDS (CABN 154284)<br>Acting United States Attorney |
| 2 | |
| 3 | HALLIE HOFFMAN (CABN 210020)<br>Chief, Criminal Division |
| 4 | |
| 5 | COLIN C. SAMPSON (CABN 249784)<br>DANIEL KALEBA (CABN 223789)<br>Assistant United States Attorneys |
| 6 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495<br>Telephone: (415) 436-7020<br>FAX: (415) 436-7009<br>Colin.Sampson@usdoj.gov |
| 7 | |
| 8 | |
| 9 | Attorneys for United States of America |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 18-00172 BLF |
| Plaintiff, | ) ) | UNITED STATES' NOTICE OF USE OF DEPOSITION TESTIMONY PURSUANT TO FEDERAL RULE OF EVIDENCE 804(b)(1) |
| v. | ) ) ) | |
| MICHAEL KAIL, | ) ) | Trial: April 7, 2021 |
| Defendant. | ) ) ) | Court: Honorable Beth Labson Freeman |

The United States intends to introduce the former testimony of unavailable witness Benjamin Werther at trial pursuant to Federal Rule of Evidence 804. Although advance or written notice is not required by the Rule, the government provides the following information to support a finding that the hearsay exception provided by Rule 804(b)(1) has been satisfied:

Benjamin Werther, the Founder and former Chief Executive Officer of Platfora, Inc. ("Platfora"), provided sworn, transcribed, and videotaped deposition testimony over two days, on April 29 and 20,
UNITED STATES' NOTICE RE: RULE 804(b)(1).
CR-18-00172 BLF                1

2015.  Defendant, Michael Kail, was the named defendant in the civil suit by the plaintiff, Netflix, Inc. ("Netflix"), which made similar allegations as the government does in this criminal case:  that Defendant defrauded Netflix by purchasing software and services from companies that were paying him in cash or stock options.  Defendant's (and Unix Mercenary, LLC's) attorney (Scott Goldman, an attorney at the same firm that represented Mr. Kail during the criminal investigation) attended both days of the deposition and made objections and asked questions of Mr. Werther, who was shown and testified about several documents on the government's exhibit list (notably, 309, 313, 314, 333, 344, 348, and 350).  Mr. Werther testified that the documents were records of Platfora's regularly conducted business activities.  Mr. Werther's testimony related directly to Defendant's role in approving a contract between Netflix and Platfora and Defendant's solicitation of a stock-compensated advisory board position with Platfora.

**I.  Unavailability**

Werther, an Australian citizen, has for several months been in Australia, which has strict isolation and quarantine restrictions for anyone returning from abroad, and does not plan to return to the United States until Summer 2021.  On December 22, 2020, in response to an inquiry by the government, Mr. Werther's attorney stated that she would inquire whether Mr. Werther would accept service of the trial subpoena.  She responded the next day that Mr. Werther had relocated to Australia through July or August 2021.  On March 25, she again confirmed that Mr. Werther was unwilling to travel to the United States for trial, even at the government's expense, in part due to his inability to return to Australia, where his family lives, as a result of several weeks of quarantine if he were to leave Australia, due to pandemic safety restrictions.

The government reached out to counsel for the witness more than two months before the original trial date to secure his attendance at trial.  The cases cited by Defendant, in which the Court declined to find the witness unavailable, are inapposite.  Mr. Werther is not in federal or state custody in the United States already.  He is beyond the reach of a United States trial subpoena.  He could not be brought before the Court by the Marshals.

**II.  Former Testimony**

The government raised with Defendant its intention to introduce this sworn deposition testimony

at Defendant's trial pursuant to Federal Rule of Evidence 804(b)(1), which provides:

> The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
> (1) Former Testimony. Testimony that:
> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
> (B) is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination

The government respectfully asserts that, given that Defendant is outside of the United States and beyond the jurisdiction of the Court, he is unavailable as a witness for purposes of Rule 804(b)(1). *See United States v. McFall*, 558 F.3d at 951, 963 (9th Cir. 2008) (district court's decision to admit or exclude evidence under Rule 804(b)(1) is reviewed for abuse of discretion). If Defendant is found to be unavailable, there is no basis for excluding this testimony as hearsay. Moreover, Defendant's status in the civil suit was highly similar to his status in this case: a represented party to a suit in which the plaintiff alleged he directed business to Platfora in exchange for an undisclosed compensated advisory position and his decision to compensate Platfora at the termination of its proof-of-concept phase above and beyond the terms of the contract between the companies as a result of his conflict of interest. *See United States v. Salerno*, 505 U.S. 317, 326 (1992) (Blackmun, concurring and noting that "similar motive" does not mean "identical motive" but rather is an "inherently . . . factual inquiry" based on "the similarity of the underlying issues and on the context of the . . . questioning"); *See also McFall*, 558 F.3d at 963 (holding that the motive to cross-examine at a prior hearing need not be "as intense as it would have been at trial"); *but see United States v. Wilson*, 36 F. Supp.2d 1177, 1184 (N.D. Cal. Feb. 10, 1999) (denying admission in criminal trial of prior non-video deposition testimony).

    Mr. Werther's testimony is extremely relevant to the issues to be decided by trial. Similarly to his role in this criminal trial, Mr. Werther provided both testimony as an individual and also served as a representative of his company. Moreover, the testimony is videotaped, and the jury can see and evaluate Mr. Werther's words, speech, and other aspects that reflect upon his credibility similarly to their ability to do so in trial. The testimony was much closer in time to the events in question: only one year after the termination of the Netflix-Platfora agreement and Mr. Kail's resignation as a member of Platfora's

Customer Advisory Board.

Defendant's only real basis for his objection (*See* ECF No. 175) to the testimony is its inculpatory nature. Mr. Werther understood that Defendant was in charge of the budget for IT solutions, including Platfora. As the 60-day unpaid demonstration began in July 2013, Defendant was offered an advisory board position compensated with options. Mr. Werther and Defendant discussed difficulties implementing Platfora at Netflix, and Werther was concerned that Netflix would not enter a contract until Platfora's "3.0" product was released months later. Defendant met Mr. Werther in person for dinner and raised the potential for a $600,000, 3-year contract with Netflix, and also discussed his interest in an advisory role at Platfora.

> [T]here was a specific part of the conversation where he talked about what he likes to do as an adviser and that -- and that when he is an adviser, his standard rate is a quarter -- a quarter of a percentage point of equity. And that that was something that I should consider.

Transcript, Apr. 29, 2015, 151:11-16 (Exhibit 1, p. 34). Defendant pointed to his relationship with SumoLogic as an example for Platfora to follow. Mr. Werther memorialized his conversation with Defendant the next morning, stating "The strong suggestion was that if we did [make Defendant a compensated advisor], and remain responsive like we have been, we'd be able to a $600k 3 year deal done by Labor Day." *Id.*, 163:13-25 (Exhibit 1, p. 42). In August 2013, Defendant became an advisor entitled with options to purchase 75,000 shares of Platfora. Although Platfora vetted its two prior advisors for conflicts of interest, it did not do so for Mr. Kail. Platfora asked for a three-year, $250,000 per year contract for its product, to which Defendant signed on behalf of Netflix. In a December 2013 email from Werther to a sales manager at Platfora, he referred to Defendant's advisory role as a "pay to play" situation. *Id.* At 233:23-25 (Exhibit 1, p. 66). Between September 2013 and April 2014, Platfora was not utilized in any significant manner at Netflix outside of limited product testing. Mr. Kail did not attend Platfora's Advisory Board meetings. When one of Defendant's direct reports unilaterally cancelled the contract at seven months, as the month-to-month portion of the contract was to convert to an annual subscription, Defendant resigned from the his advisory role and approved payment of the remaining $155,000, representing the remainder of a successful first-year of the contract, over the objection of a Netflix purchasing manager.

This testimony is clearly relevant to the fraud charges in this case. Moreover, Mr. Werther's substantive testimony about his company's acceptance of Mr. Kail's "strong suggestion" to offer him equity to get a sale to Netflix formalized falls within the "statement against interest" exception under Rule 804(b)(3), as they were "so contrary to the declarant's proprietary or pecuniary interests." Mr. Werther's testimony also authenticates numerous relevant Platfora documents as business records, including business-related emails with Defendant and other Platfora employees and Board members. Pursuant to Federal Rule of Evidence 104(a), the Court is not bound by the Rules of Evidence in determining whether the proffered evidence is admissible. This evidence is further "relevant to the weight and credibility of other evidence" in this case, namely, the exhibits related to Platfora, Inc. and the testimony of former Platfora, Inc. employees Michael Asher, Theresa Vu, and Michael Rossi. *See* Fed. R. Evid. 104(e).

Defendant argues to minimize the "prior testimony" hearsay exception contained in Rule 804, effectively arguing (without support) that a prior civil deposition, by its very nature, could never satisfy Rule 804(b)(1). But that is not the standard. Defendant had the "opportunity and similar motive to develop" the evidence from Mr. Werther. That Defendant was not physically present, or that he would later be accused of criminal conduct by the federal government, or his attorney's decisions regarding objections and questions, is not a basis for finding that the testimony does not satisfy the hearsay exception.

Given that the government has made reasonable but unsuccessful efforts to obtain Mr. Werther's presence at trial, Mr. Werther's 2015 deposition was sworn and videotaped only a year after some of the events in question, numerous deposition exhibits are now trial exhibits, Mr. Kail was represented at the deposition and was defending against similar allegations, this Court is fully capable of ruling on objections without risking a waste of time or confusion of the issues, and the jury may give the testimony the weight it deserves, the government intends to present at trial several excerpts of Mr. Werther's testimony under Federal Rule of Evidence 804.

//

//

| | | |
|---|---|---|
| 1 | DATED: March 29, 2021. | Respectfully submitted, |
| 2 | | STEPHANIE M. HINDS<br>Acting United States Attorney |
| 3 | | |
| 4 | | */s/ Colin Sampson*<br>DANIEL KALEBA |
| 5 | | COLIN C. SAMPSON<br>Assistant United States Attorneys |