# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL KAIL,<br><br>Defendant. | Case No.  18-cr-00172-BLF<br><br>**JURY INSTRUCTIONS** |

**IT IS SO ORDERED.**

Dated:  April 22, 2021

_____
BETH LABSON FREEMAN
United States District Judge

# INSTRUCTION NO. 1 RE DUTY OF JURY

Jurors:

You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

INSTRUCTION NO. 2 RE THE CHARGE – PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. In Counts One through Nineteen, the government charges Michael Kail with wire fraud in violation of 18 U.S.C. § 1343 and honest services wire fraud in violation of 18 U.S.C. §§ 1343 and 1346.  In Counts Twenty through Twenty-Two, the government charges Mr. Kail with mail fraud in violation of 18 U.S.C. § 1341 and honest services mail fraud in violation of 18 U.S.C. §§ 1341 and 1346. In Counts Twenty-Three through Twenty-Nine, the government charges Mr. Kail with laundering the proceeds of a specified unlawful activity in violation of 18 U.S.C. § 1957. The charges are not evidence and do not prove anything.

Mr. Kail has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, Mr. Kail has the right to remain silent and never have to prove innocence or to present any evidence.

## INSTRUCTION NO. 3 RE WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received in evidence; and

(3)     any facts to which the parties agree.

## INSTRUCTION NO. 4 RE WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

    (1)     statements and arguments of the attorneys;

    (2)     questions and objections of the attorneys;

    (3)     testimony that I instruct you to disregard; and

    (4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

INSTRUCTION NO. 5 RE DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## INSTRUCTION NO. 6 RE RULINGS ON OBJECTIONS

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## INSTRUCTION NO. 7 RE CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    (1)  the witness's opportunity and ability to see or hear or know the things testified to;

    (2)  the witness's memory;

    (3)  the witness's manner while testifying;

    (4)  the witness's interest in the outcome of the case, if any;

    (5)  the witness's bias or prejudice, if any;

    (6)  whether other evidence contradicted the witness's testimony;

    (7)  the reasonableness of the witness's testimony in light of all the evidence; and

    (8)  any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

INSTRUCTION NO. 8 RE CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed

during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 9 RE NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

INSTRUCTION NO. 10 RE TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## INSTRUCTION NO. 11 RE OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if Mr. Kail chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

1    INSTRUCTION NO. 12 RE BENCH CONFERENCES AND RECESSES

2        During the trial, I may need to take up legal matters with the attorneys privately, either by having

3    a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please

4    understand that while you are waiting, we are working. The purpose of these conferences is not to keep

5    relevant information from you, but to decide how certain evidence is to be treated under the rules of

     evidence and to avoid confusion and error.

6        Of course, we will do what we can to keep the number and length of these conferences to a

7    minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or

8    denying a request for a conference as any indication of my opinion of the case or what your verdict

     should be.

## PROPOSED INSTRUCTION NO. 13 RE CAUTIONARY INSTRUCTION

We are about to begin the trial. Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. If anyone tries to communicate with you about the case, please let me know about it immediately. Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own. Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

INSTRUCTION NO. 17 RE DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. 18 RE CHARGE AGAINST DEFENDANT NOT EVIDENCE –

PRESUMOTION OF INNOCENCE – BURDEN OF PROOF

The charges are not evidence. Mr. Kail has pleaded not guilty to the charges. Mr. Kail is presumed to be innocent unless and until the government proves Mr. Kail guilty beyond a reasonable doubt. In addition, Mr. Kail does not have to testify or present any evidence. Mr. Kail does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

1

## INSTRUCTION NO. 20 RE REASONABLE DOUBT – DEFINED

2

Proof beyond a reasonable doubt is proof that leaves you firmly convinced Mr. Kail is guilty. It

3  is not required that the government prove guilt beyond all possible doubt.

4

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on

5  speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of

evidence.

6

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a

7  reasonable doubt that the defendant is guilty, it is your duty to find Mr. Kail not guilty. On the other

8  hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a

reasonable doubt that the defendant is guilty, it is your duty to find Mr. Kail guilty.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## INSTRUCTION NO. 21 RE WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits received in evidence; and

(3)    any facts to which the parties have agreed.

## INSTRUCTION NO. 22 RE WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.    Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 23 RE DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 24 RE CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the witness's opportunity and ability to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 19 RE DEFENDANT'S DECISION TO TESTIFY

Mr. Kail has testified. You should treat this testimony just as you would the testimony of any other witness.

## INSTRUCTION NO. 25 RE ACTIVITIES NOT CHARGED

You are here only to determine whether Mr. Kail is guilty or not guilty of the charges. Mr. Kail is not on trial for any conduct or offense not charged.

INSTRUCTION NO. 26 RE

SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE DEFENDANT

A separate crime is charged against Mr. Kail in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

INSTRUCTION NO. 27 RE ON OR ABOUT – DEFINED

The offenses charged in each count are alleged to have been committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged. It is not necessary for the government to prove that the offenses were committed precisely on the date charged.

INSTRUCTION NO. 28 RE OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You have heard evidence that Mr. Kail committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of Mr. Kail's intent, plan, knowledge, or absence of mistake, and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which Mr. Kail is now on trial.

INSTRUCTION NO. 33 RE CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

# INSTRUCTION NO. 15 RE STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

INSTRUCTION NO. 42 RE WIRE FRAUD – HONEST SERVICES (18 U.S.C. §§ 1343 and 1346)

Defendant Michael Kail is charged in Counts One through Nineteen with Honest Services Wire Fraud in violation of Sections 1343 and 1346 of Title 18 of the United States Code. In order for Mr. Kail to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

**First**, Mr. Kail devised or knowingly participated in a scheme or plan to deprive Netflix, Inc. of its right of honest services;

**Second**, the scheme or plan consists of a bribe or kickback in exchange for Mr. Kail's services. The "exchange" may be express or may be implied from all the surrounding circumstances;

**Third**, Mr. Kail owed a fiduciary duty to Netflix, Inc.

**Fourth**, Mr. Kail acted with the specific intent to defraud by depriving Netflix, Inc. of the right of honest services;

**Fifth**, Mr. Kail's act was material; that is, the act had a natural tendency to influence, or was capable of influencing, a person or entity's acts; and

**Sixth**, Mr. Kail used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

1. **The Scheme or Plan to Deprive Honest Services**.

The first element that the government must prove is that the defendant knowingly devised or participated in a scheme or plan to deprive Netflix, Inc. of its right to his honest services. A "scheme" is any plan or course of action formed with the intent to accomplish some purpose. Thus, to find the defendant guilty of this offense, you must find that the defendant devised or participated in a plan or course of action involving bribes or kickbacks given or offered to the defendant.

2. **The Bribe or Kickback in Exchange for Services**.

The second element that the government must prove is that the scheme or plan consisted of a bribe or kickback in exchange for Mr. Kail's services. Bribery and kickbacks involve the exchange of a thing or things of value for services by a fiduciary, in other words, a quid pro quo (a Latin phrase meaning "this for that" or "these for those").

The defendant and the payor need not state the quid pro quo in express terms, for otherwise the law's effect could be frustrated by knowing winks and nods. Rather, the intent to exchange may be established by circumstantial evidence, based upon the defendant's words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

It is not a defense to claim that Netflix benefitted from the alleged conduct. The offense of "honest services" fraud is not concerned with the wisdom or results of the defendant's decisions, but rather with the manner in which the defendant makes his or her decisions.

Also, it is not necessary for the government to prove that the scheme actually succeeded, or that any act was actually taken by the defendant in the course of the scheme. What the government must prove is that the defendant knowingly devised or participated in a scheme or artifice to defraud Netflix, Inc. of its right to defendant's honest services through bribes or kickbacks.

Also, because people rarely act for a single purpose, the giver need not have offered or provided the thing of value only in exchange for specific services, and the defendant need not have solicited or accepted the thing of value only in exchange for those services. If you find beyond a reasonable doubt that the giver offered or provided a thing of value in exchange for the performance of services, then it makes no difference that the giver may also have had another lawful motive for providing a thing of value. Likewise, if you find beyond a reasonable doubt that the defendant solicited or received a thing of value in exchange for the services, then it makes no difference that the defendant may also have had another lawful motive for soliciting or accepting the thing of value.

"Anything of value" includes things possessing intrinsic value, whether tangible or intangible, that the person giving or offering or the person soliciting or receiving considers to be worth something.

Undisclosed conflicts of interest, secret payments or undisclosed self-dealing alone, is not sufficient to constitute honest services wire fraud.

### 3. The Fiduciary Duty.

A "fiduciary" duty exists whenever one company places special trust and confidence in another person–the fiduciary–in reliance that the fiduciary will exercise his discretion and expertise with the

utmost honesty and forthrightness in the interests of the entity, such that the entity relaxes the care and vigilance that it would ordinarily exercise, and the fiduciary knowingly accepts that special trust and confidence and thereafter undertakes to act on behalf of the other entity based on such reliance.

The mere fact that a business relationship arises between a person and a company does not mean that either owes a fiduciary duty to the other. If one engages or employs another and thereafter directs, supervises, or approves the other's actions, the person so employed is not necessarily a fiduciary. Rather, as previously stated, it is only when one party places, and the other accepts, a special trust and confidence—usually involving the exercise of professional expertise and discretion—that a fiduciary relationship exists.

With regard to omission(s) of material fact only, to convict you must find that Mr. Kail had a duty to disclose the omitted fact(s) arising out of a relationship of trust. That duty can arise either out of the aforementioned formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise. The requirement that you find a duty to disclose in order to convict does not apply to materially false statements.

### 4. Materiality.

The fifth element that the government must prove is that Mr. Kail's act or actions were material; that is, it had a natural tendency to influence, or was capable of influencing, a person's acts.

### 5. Use of the Wire or Radio Communications.

The final element that the government must establish is that the defendant used a wire or radio communication in interstate commerce to carry out or to attempt to carry out the scheme or plan. A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use. To "use a wire or radio communication in interstate commerce" means to send information across state lines by means of wire, including telephone or telegraph lines, or radio communication. It includes email, the electronic transfer of funds, Internet communications, or other electronic communication using wires or radios, as long as the communication or transmission of

1   information is between states.

2         It need not have been reasonably foreseeable to the defendant that the wire communication

3   would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that

    some wire communication would occur in furtherance of the scheme, and an interstate wire

4   communication must have actually occurred in furtherance of the scheme.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

INSTRUCTION NO. 42A RE WIRE FRAUD (18 U.S.C. § 1343)

The defendant is also charged in Counts One through Nineteen with Wire Fraud in violation of Section 1343 of Title 18 of the United States Code. In order for Mr. Kail to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, Mr. Kail knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts. Deceitful statements of half-truths may constitute false or fraudulent representations;

**Second**, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

**Third**, Mr. Kail acted with the specific intent to defraud, that is, the intent to deceive and cheat; and

**Fourth**, Mr. Kail used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

In regard to omission(s) of material fact only, to convict you must find that defendant had a duty to disclose the omitted fact(s) arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise. The requirement that you find a duty to disclose in order to convict does not apply to materially false statements.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use. It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of

1  the scheme, and an interstate wire communication must have actually occurred in furtherance of the

2  scheme.

3         A property interest is an economic interest. Thus, the term "property" as used in the wire fraud

   instructions, means money or another form of property with economic value.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

INSTRUCTION NO. 43 RE MAIL FRAUD – HONEST SERVICES (18 U.S.C.§§ 1341 and 1346)

Defendant Michael Kail is charged in Counts Twenty through Twenty-Two with Honest Services Mail Fraud in violation of Sections 1341 and 1346 of Title 18 of the United States Code. In order for Mr. Kail to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

**First**, Mr. Kail devised or knowingly participated in a scheme or plan to deprive Netflix, Inc. of its right of honest services;

**Second**, the scheme or plan consists of a bribe or kickback in exchange for Mr. Kail's services;

**Third**, Mr. Kail owed a fiduciary duty to Netflix, Inc.;

**Fourth**, Mr. Kail acted with the specific intent to defraud by depriving Netflix, Inc. of the right of honest services;

**Fifth**, Mr. Kail's act was material; that is, the act had a natural tendency to influence, or was capable of influencing, a person's or entity's acts; and

**Sixth**, Mr. Kail used, or caused someone to use, the mails to carry out or to attempt to carry out the scheme or plan.

**1. The Scheme or Plan to Deprive Honest Services**.

The first element that the government must prove is that the defendant knowingly devised or participated in a scheme or plan to deprive Netflix, Inc. of its right to his honest services. A "scheme" is any plan or course of action formed with the intent to accomplish some purpose. Thus, to find the defendant guilty of this offense, you must find that the defendant devised or participated in a plan or course of action involving bribes or kickbacks given or offered to the defendant.

**2. The Bribe or Kickback in Exchange for Services**.

The second element that the government must prove is that the scheme or plan consisted of a bribe or kickback in exchange for defendant's services. Bribery and kickbacks involve the exchange of a thing or things of value for services by a fiduciary, in other words, a quid pro quo (a Latin phrase meaning "this for that" or "these for those").

The defendant and the payor need not state the quid pro quo in express terms, for otherwise the

law's effect could be frustrated by knowing winks and nods. Rather, the intent to exchange may be established by circumstantial evidence, based upon the defendant's words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

It is not a defense to claim that Netflix benefitted from the alleged conduct. The offense of "honest services" fraud is not concerned with the wisdom or results of the defendant's decisions, but rather with the manner in which the defendant makes his or her decisions.

Also, it is not necessary for the government to prove that the scheme actually succeeded, or that any act was actually taken by the defendant in the course of the scheme. What the government must prove is that the defendant knowingly devised or participated in a scheme or artifice to defraud Netflix, Inc. of its right to defendant's honest services through bribes or kickbacks.

Also, because people rarely act for a single purpose, the giver need not have offered or provided the thing of value only in exchange for specific services, and the defendant need not have solicited or accepted the thing of value only in exchange for those services. If you find beyond a reasonable doubt that the giver offered or provided a thing of value in exchange for the performance of services, then it makes no difference that the giver may also have had another lawful motive for providing a thing of value. Likewise, if you find beyond a reasonable doubt that the defendant solicited or received a thing of value in exchange for the services, then it makes no difference that the defendant may also have had another lawful motive for soliciting or accepting the thing of value.

"Anything of value" includes things possessing intrinsic value, whether tangible or intangible, that the person giving or offering or the person soliciting or receiving considers to be worth something.

Undisclosed conflicts of interest, secret payments or undisclosed self-dealing alone, is not sufficient to constitute honest services mail fraud.

### 3. The Fiduciary Duty.

A "fiduciary" duty exists whenever one company places special trust and confidence in another person—the fiduciary—in reliance that the fiduciary will exercise his discretion and expertise with the utmost honesty and forthrightness in the interests of the entity, such that the entity relaxes the care and

vigilance that it would ordinarily exercise, and the fiduciary knowingly accepts that special trust and confidence and thereafter undertakes to act on behalf of the other entity based on such reliance.

The mere fact that a business relationship arises between a person and a company does not mean that either owes a fiduciary duty to the other. If one engages or employs another and thereafter directs, supervises, or approves the other's actions, the person so employed is not necessarily a fiduciary. Rather, as previously stated, it is only when one party places, and the other accepts, a special trust and confidence—usually involving the exercise of professional expertise and discretion—that a fiduciary relationship exists.

With regard to omission(s) of material fact only, to convict you must find that Mr. Kail had a duty to disclose the omitted fact(s) arising out of a relationship of trust. That duty can arise either out of the aforementioned formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise. The requirement that you find a duty to disclose in order to convict does not apply to materially false statements.

**4. Materiality.**

The fifth element that the government must prove is that the defendant's act or actions were material; that is, it had a natural tendency to influence, or was capable of influencing, a person's acts.

**5. Use of the Mails.**

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

INSTRUCTION NO. 43A RE MAIL FRAUD (18 U.S.C. § 1341)

The defendant Michael Kail is charged in Counts Twenty through Twenty-Two with Mail Fraud in violation of Section 1341 of Title 18 of the United States Code. In order for Mr. Kail to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, Mr. Kail knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts. Deceitful statements of half-truths may constitute false or fraudulent representations;

**Second**, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

**Third**, Mr. Kail acted with the specific intent to defraud, that is, the intent to deceive and cheat; and

**Fourth**, Mr. Kail used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

With regard to omission(s) of material fact only, to convict you must find that defendant had a duty to disclose the omitted fact(s) arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise. The requirement that you find a duty to disclose in order to convict does not apply to materially false statements.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter

whether the scheme or plan was successful or that any money or property was obtained.

A property interest is an economic interest. Thus, the term "property" as used in the mail fraud instructions, means money or another form of property with economic value.

INSTRUCTION NO. 35A RE INTENT TO DEFRAUD

With respect to Honest Services Wire Fraud charged in Counts 1 through 19 in violation of 18 U.S.C. §§ 1343 and 1346, and Honest Services Mail Fraud charged in Counts 20 through 22 in violation of 18 U.S.C. §§ 1341 and 1346, an intent to defraud is an intent to deceive and cheat, which means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, promises or omissions to cause loss of honest services.

INSTRUCTION NO. 35 RE INTENT TO DEFRAUD

With respect to Wire Fraud charged in Counts 1 through 19 in violation of 18 U.S.C. § 1343, and Mail Fraud charged in Counts 20 through 22 in violation of 18 U.S.C. § 1341, an intent to defraud is an intent to deceive and cheat.

INSTRUCTION NO. 34A RE KNOWINGLY - DEFINED

In regard to Counts 1 through 19, charging Wire Fraud in violation of 18 U.S.C. § 1343, and charging Honest Services Wire Fraud in violation of 18 U.S.C. §§ 1343 and 1346, and Counts 20 through 22, charging Mail Fraud, in violation of 18 U.S.C. § 1341, and Honest Services Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 1346, an act is done knowingly if Mr. Kail is aware of the act and does not act or fail to act through ignorance, mistake, or accident. You may consider evidence of Mr. Kail's words, acts, or omissions, along with all the other evidence, in deciding whether he acted knowingly

1

## INSTRUCTION NO. 34 RE KNOWINGLY - DEFINED

2

3    In regard to Counts 23 through 29, charging Money Laundering in violation of 18 U.S.C. § 1957,

an act is done knowingly if Mr. Kail is aware of the act and does not act or fail to act through ignorance,

4    mistake, or accident. The government is not required to prove that Mr. Kail knew that his acts or

omissions were unlawful. You may consider evidence of Mr. Kail's words, acts, or omissions, along

5    with all the other evidence, in deciding whether he acted knowingly.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

1    JURY INSTRUCTION NO. 44 RE GOOD FAITH DEFENSE

2    Good faith is a complete defense to charges of wire fraud, honest services wire fraud, mail fraud,

3    and honest services mail fraud as alleged in Counts 1 through 22. Mr. Kail is not required to prove good

4    faith. The Government must prove intent to defraud beyond a reasonable doubt.

5    An honestly held opinion or an honestly formed belief cannot provide fraudulent intent – even if
the opinion or belief is mistaken.

6    Nevertheless, if you find that Mr. Kail acted with reckless disregard for the truth of a material

7    misrepresentation, such a finding is inconsistent with good faith. Thus, an honest belief that a business

8    venture would ultimately succeed does not constitute good faith if Mr. Kail intended to deceive Netflix
by making material representations that he knew to be false or fraudulent, or if Mr. Kail acted with

9    reckless disregard for the truth of a material misrepresentation.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

INSTRUCTION NO. 45 RE MONEY LAUNDERING (18 U.S.C. § 1957)

The defendant Michael Kail is charged in Counts Twenty-Three through Twenty-Nine with money laundering in violation of Section 1957 of Title 18 of the United States Code. In order for Mr. Kail to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, Mr. Kail knowingly engaged or attempted to engage in a monetary transaction;

**Second**, Mr. Kail knew the transaction involved criminally derived property;

**Third**, the property had a value greater than $10,000;

**Fourth**, the property was, in fact, derived from wire fraud or mail fraud; and

**Fifth**, the transaction occurred in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means an insured bank under the Federal Deposit Insurance Act, a commercial bank or trust company, or a credit union.

The term "criminally derived property" means any property constituting, or derived from, the proceeds of a criminal offense. The government must prove that Mr. Kail knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The government does not have to prove that Mr. Kail knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of wire fraud or mail fraud.

Although the government must prove that, of the property at issue more than $10,000 was criminally derived, the government does not have to prove that all of the property at issue was criminally derived.

INSTRUCTION NO. 36 RE DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your Presiding Juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

## INSTRUCTION NO. 46: JURY UNANIMITY OF THEORY

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Counts 1-22.

Counts 1-19 accuse Mr. Kail of committing the crime of wire fraud in two different ways. The first is that Mr. Kail engaged in a scheme to commit honest services wire fraud (as defined in Instruction 42) involving the loss of honest services. The second way is that Mr. Kail engaged in a scheme to commit wire fraud (as defined in Instruction 42A) involving the loss of money or property.

Counts 20-22 accuse Mr. Kail of committing the crime of mail fraud in two different ways. The first is that Mr. Kail engaged in a scheme to commit honest services mail fraud (as defined in Instruction 43) involving the loss of honest services. The second way is that Mr. Kail committed mail fraud (as defined in Instruction 43A) involving the loss of money or property.

The government does not have to prove all of these for you to return a guilty verdict on these charges. Proof beyond a reasonable doubt on one theory is enough to convict on a specific count. But in order for you to return a guilty verdict, all of you must agree that the same criminal violation has been proved. As to each specific count in Counts 1 through 19, all of you must agree that the government proved beyond a reasonable doubt that Mr. Kail committed wire fraud; or all of you must agree that the government proved beyond a reasonable doubt that Mr. Kail committed honest services wire fraud, or you may find both.

Similarly, to convict on each count of mail fraud in Counts 20 through 22, all of you must agree that the government proved beyond a reasonable doubt that Mr. Kail committed mail fraud; or all of you must agree that the government proved beyond a reasonable doubt that Mr. Kail committed honest services mail fraud, or you may find both.

In other words, you can only return a verdict of guilty on a particular count if you all agree on the way in which Mr. Kail committed mail or wire fraud.

INSTRUCTION NO. 37 RE CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## INSTRUCTION NO. 38 RE USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## INSTRUCTION NO. 39 RE JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against Mr. Kail beyond a reasonable doubt.

INSTRUCTION NO. 40 RE VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

1

## INSTRUCTION NO. 41 RE COMMUNICATION WITH COURT

2

3

4

5

6

7

8

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of Mr. Kail, until after you have reached a unanimous verdict or have been discharged.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23