STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHRIS KALTSAS (NYBN 5460902)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: 415.436.7200
    Fax: 415.436.7234
    Email: chris.kaltsas2@usdoj.gov

Attorneys for the United States of America

UNITED STATES OF AMERICA

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-00172 BLF |
| Plaintiff, | **APPLICATION OF THE UNITED STATES FOR PRELIMINARY ORDER OF FORFEITURE** |
| v. | |
| MICHAEL KAIL, | |
| Defendant. | |

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully submits this Application of the United States for Issuance of a Preliminary Order of Forfeiture. In summary, the United States (Government) seeks to forfeit one real property and the shares of two companies to which defendant illicitly provided advisory and consultancy services (collectively, the "subject property"):

- The real property and improvements at 234 Almendra Drive, Los Gatos, 95030, in Santa Clara County, California, bearing Assessor's Parcel Number 510-14-016 ("the home");
- 50,000 shares in SumoLogic; and
- 106,000 shares in Netskope, Inc.

# BACKGROUND

On April 26, 2018, defendant Michael Kail was charged by an Indictment with violations of Title 18, United States Code, Sections 1343 and 1346 (Wire Fraud), 1341 and 1346 (Mail Fraud), and 1957 (Money Laundering).  Dkt. No. 1.  The Indictment sought criminal forfeiture, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c) (Criminal Forfeiture) of any property, real or personal, which constitutes or is traceable to the proceeds of any of the offenses alleged in Counts One through Twenty-Two of the Indictment, including the sum of money equal to the total amount of proceeds the defendant obtained from the violations of which he was found guilty; and any property, real or personal, involved in a money laundering transaction alleged in counts Twenty-Three and Twenty-Nine of the Indictment, including, but not limited to the property and improvements at 234 Almendra Drive, Los Gatos, 95030, in Santa Clara County, California, bearing Assessor's Parcel Number 510-14-016.  Dkt. No. 1, ¶¶ 33-36.  The Indictment further provided that the Government would be entitled to the forfeiture of substitute property upon a finding that any of the conditions listed in Title 21, United States Code, Section 853(p) were met.  *Id.* at ¶ 37.

On April 30, 2021, a jury found defendant Michael Kail guilty of eighteen counts of wire fraud in violation of Title 18, United States Code, Sections 1343 and 1346; three counts of mail fraud in violation of Title 18, United States Code, Sections 1341 and 1346; and seven counts of money laundering in violation of Title 18, United States Code, Section 1957.  Dkt. No. 230.  In addition, the jury returned a special verdict unanimously finding the subject property forfeitable under Title 18, United States Code, Section 982 based on a violation of Title 18, United States Code, Section 1957 (Money Laundering).  Dkt. No. 231.  Sentencing is currently scheduled for October 19, 2021.  The accompanying proposed Preliminary Order of Forfeiture is requested to complete the forfeiture process.

# APPLICABLE LAW

Criminal forfeiture is part of the sentence imposed on a person who has been found guilty in a criminal case.  *Libretti v. United States*, 516 U.S. 29 (1995).  As a part of the criminal sentence, the Government need only establish the forfeiture by a preponderance of the evidence.  *Id.*  However, unlike discretionary sentencing considerations, criminal forfeiture is mandatory.  *United States v. Monsanto*,

491 U.S. 600, 606 (1989); *United States v. Davis*, 706 F.3d 1081, 1084 (9th Cir. 2013); *United States v. Newman*, 659 F.3d 1235, 1239 (9th Cir. 2011), *abrogated on other grounds by Honeycutt v. United States*, 137 S. Ct. 1626 (2017).  Therefore, "unlike a fine, which the district court retains discretion to reduce or eliminate, the district court has no discretion to reduce or eliminate mandatory criminal forfeiture." *Newman*, 659 F.3d. at 1240.  Similarly, because forfeiture is separate from restitution, defendants may be required to pay restitution in addition to forfeiture for the same criminal activity, and payment of restitution does not entitle a defendant to a reduction in the forfeiture amount. *Id*. at 1241.

One of the chief goals of forfeiture is to remove the profit from crime by separating the criminal from his or her dishonest gains.  *See Newman*, 659 F.3d 1235, 1242 (9th Cir. 2011); *United States v. Casey*, 444 F.3d 1071, 1073 (9th Cir. 2006).  To that end, if property appreciates in value or earns interest, any appreciation or interest is subject to forfeiture.  *See United States v. Afriyie*, 929 F.3d 63, 73 (2d Cir. 2019); *United States v. Betancourt*, 422 F.3d 240, 250 (5th Cir. 2005); *United States v. Hawkey*, 148 F.3d 920, 928 (8th Cir. 1998).  Conversely, forfeiture is not limited to specific assets directly traceable to the offense: it can also take the form of an *in personam* judgment against the defendant, even where the defendant has spent or otherwise dissipated the funds and is insolvent.  *See United States v. Nejad*, 933 F.3d 1162, 1165 (9th Cir. 2019); *United States v. Newman*, 659 F.3d 1235, 1242-43 (9th Cir. 2011) (citing Fed. R. Crim. P. 32.2).[1]

The United States is entitled to criminal forfeiture under two theories: (1) forfeiture of the proceeds from defendant's engagement in illicit advisory services agreements; and (2) forfeiture of property "involved in" defendant's money laundering.  Pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C), upon conviction, the Government is entitled to criminally forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to the charged wire fraud. As "the commission of . . . a mail fraud or wire fraud offense necessarily includes a fraudulent scheme as a whole, the proceeds of the crime of conviction consist of the funds involved in that fraudulent scheme, including additional executions of the scheme that were not specifically charged or on which the

---

[1] "Congress sought to punish equally the thief who carefully saves his stolen loot and the thief who spends the loot on 'wine, women, and song.'" *Newman*, 659 F.3d at 1243, citing *Casey*, 444 F.3d at 1073-74.

APPLICATION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE
CR 18-00172 BLF                              3

defendant was acquitted." *United States v. Lo*, 839 F.3d 777, 793 (9th Cir. 2016), *cert. denied* 138 S. Ct. 354 (2017). Moreover, as noted above, the proceeds of a crime include those forms of proceeds that may appreciate over time, such as shares in companies. *Afriyie*, 929 F.3d at 73.

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction, the Government is entitled to criminally forfeit any property, real or personal, "involved in" the charged money laundering. Property that is the subject of a purchase, sale, exchange, or disbursement—the subject matter or corpus of the transaction—is involved in the purchase, sale, or exchange. *See United States v. Nektalov*, 461 F.3d 309, 319 (2d Cir. 2006); *United States v. Kennedy, 201 F.3d 1324*, 1326 (11th Cir. 2000); *United States v. One 1988 Prevost Liberty Motor Home,* 952 F. Supp. 1180, 1210 (S.D. Tex. 1996). Such property is forfeitable in its entirety, even if some legitimate funds were also invested in the property. *See United States v. Kivanc*, 714 F.3d 782, 794-95 (4th Cir. 2013); *United States v. Huber*, 404 F.3d 1047, 1060 n.11 (8th Cir. 2005).

The procedural requirements of criminal forfeiture are set forth in Federal Rule of Criminal Procedure 32.2. Rule 32.2(b)(1)(A) provides that as soon as practicable after entering a guilty verdict, the court must determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the Government has established the requisite nexus between the property and the offense. Rule 32.2(b)(1)(B) provides that the court's determination may be based on evidence already in the record, and Rule 32.2(b)(2) states that if the court finds that property is subject to forfeiture, it shall enter a preliminary order of forfeiture directing the forfeiture of the specific property without regard to any third party's interest in all or part of it. As to the interest of third parties, the rule provides that a determination as to "whether a third party has such an interest must be deferred until any third-party files a claim in the subsequent ancillary proceeding under Rule 32.2(c)." The ancillary proceeding can be completed once the preliminary order of forfeiture becomes final as to the defendant, upon the court announcing such at sentencing and including it in the judgment, per Rule 32.2(b)(4).

Rule 32.2(b)(3) provides that the entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to

commence proceedings that comply with any statute governing third-party rights. The court may include in the order of forfeiture any conditions reasonably necessary to preserve the property's value pending any appeal. Rule 32.2(b)(4) further provides that at sentencing, or at any time before sentencing if the defendant consents, the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and must be included in the judgment.

### THE GOVERNMENT HAS CLEARLY ESTABLISHED THE FORFEITABILITY OF THE SUBJECT PROPERTY

Preliminarily, the Government has established the sufficient requisite nexus between the home and Count Twenty-Four of the Indictment—a money laundering offense. The jury returned a special verdict unanimously finding the subject property is property "involved in" or "traceable to" the violation of Title 18, United States Code, Section 1957 (Money Laundering) set forth in Count Twenty-Four of the Indictment. Dkt. No. 231. Accordingly, the jury unanimously found the home is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(1) and Federal Rule of Criminal Procedure 32.2(b)(5).

Moreover, the SumoLogic and Netskope shares are both subject to forfeiture as the proceeds of defendant's criminal activity. As described at trial, defendant was offered 50,000 shares in SumoLogic in exchange for "advisory services." Vol. 10, 1324:9-12, 1338:6-13, 1394:25-1395:16. Defendant purchased those, along with 26,500 Netskope shares for similar "services." Vol. 8, 1549:2-22; 1558:2-12. Defendant's Netskope shares ultimately went through two separate stock splits, thus multiplying the number of shares in his possession to 106,000. *Id.* at 1637:21-1638:9; 1590:2-14. As discussed at trial, defendant Michael Kail came into possession of those shares during the course of activity forming the basis for his convictions for Counts One through Three and Twelve of the Indictment. Accordingly, the shares are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) because defendant accepted them as compensation for the activities forming the basis for his convictions for those Counts. *See* Dkt. No. 1 ¶ 34.

### CONCLUSION

The United States therefore moves this Court to enter the accompanying proposed Preliminary Order of Forfeiture which provides for the following:

a. authorizes the forfeiture of the subject property to the United States;

b. directs the United States, through its appropriate agency, to seize the forfeited property forthwith;

c. authorizes the United States to conduct discovery in order to identify, locate, or dispose of property subject to forfeiture in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure;

d. directs the United States to publish on a government website for at least thirty days, notice of this Order, notice of the Government's intent to dispose of the property in such manner as the Attorney General may direct and provide notice that any person, other than the defendant, having or claiming a legal interest in the subject property must file a petition with the Court and serve a copy on government counsel within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier; and

e. the Court retains jurisdiction to enforce the Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: September 20, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

_____/S/_____
CHRIS KALTSAS
Assistant United States Attorney