STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHRIS KALTSAS (NYBN 5460902)
COLIN SAMPSON (CABN 249784)
Assistant United States Attorneys

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: 415.436.7200
    Fax: 415.436.7234
    Email: chris.kaltsas2@usdoj.gov

Attorneys for the United States of America

UNITED STATES OF AMERICA

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-00172 BLF |
| Plaintiff, | **GOVERNMENT'S SUPPLEMENTAL BRIEFING CONCERNING THE FORFEITABILITY OF DEFENDANT KAIL'S SHARES IN SUMO LOGIC** |
| v. | |
| MICHAEL KAIL, | |
| Defendant. | |

# INTRODUCTION

The United States of America, by and through the undersigned Assistant United States Attorneys, respectfully submits this supplemental briefing per the Court's request to clarify its position regarding the forfeitability of defendant Michael Kail's shares in Sumo Logic. Preliminarily, as the government noted in its prior briefing regarding Netskope, it was mistaken as to which company's stock certificate it located in an email search; a ".pdf" of stock certificates of Maginatics, not Netskope, were known to the government at the time of trial as a result of an email search warrant. Accordingly, unlike the stock certificates in Sumo Logic, the government had no knowledge that Defendant still held the Netskope stock until the time that defendant testified in his own defense. The government nevertheless asserts that the gains defendant made through these shares of stock, including Sumo Logic, remain forfeitable, albeit not necessarily in the form of the stock itself.

As the Court correctly notes, at the hearing on October 19, 2021, the government indicated that the Sumo Logic stock itself was not subject to forfeiture in light of the undersigned attorneys' recent observation that the government had, in fact, obtained the Sumo Logic stock certificates during the execution of a search warrant in 2015. The government concedes that it cannot recover the actual shares in Sumo Logic. Since that hearing, however, the government has researched the issue further and submits, for the reasons stated here and its prior brief, that the Netskope shares (meaning, the specific property) are forfeitable because the right to jury was never implicated. Those shares were never listed in the Indictment, and thus the right to a jury trial articulated in Rule 32.2. never attached to those shares. Moreover, as the government had no knowledge of those shares until trial, there is no concern with including those in the Preliminary Order of Forfeiture at this juncture, especially as the Indictment provided defendant with ample notice that the government would seek any profits he derived from his illegal activity. The Court thus retains the authority to order the forfeiture of the Netskope shares.

The government, however, is aware that this particular situation is not specifically covered by Rule 32.2, and that another avenue to accomplish forfeiture of these assets may make more sense, especially as the Sumo Logic shares themselves are not subject to forfeiture. The government submits that the Court may enter a Forfeiture Money Judgment representing the *value* of the Sumo Logic stock against defendant, instead of ordering the forfeiture of the shares themselves. Defendant was on notice

that the government could seek a Forfeiture Money Judgment; the Indictment specifically alleged that defendant's property was subject to forfeiture, including "the sum of money equal to the total amount of proceeds defendant obtained or derived from, directly or indirectly . . . the violation[s]" of conviction. Dkt. No. 1 ¶ 34; *see also United States v. Lo*, 839 F.3d 777, 791-92 (9th Cir. 2016).

Imposing a Forfeiture Money Judgment for the value of the Sumo Logic shares also avoids many of the concerns the Court raised at the forfeiture hearing. First, there is no right to trial on a Forfeiture Money Judgment; whenever the government seeks such a judgment, the Court's sole duty is to "determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A); *see also United States v. Phillips*, 704 F.3d 754, 771 (9th Cir. 2012) (citation omitted). Second, the imposition of a Forfeiture Money Judgment would not run afoul of any of the requirements of Rule 32.2 or 21 U.S.C. § 853, unlike the forfeiture of the stock certificates themselves. The primary issue preventing the forfeiture of the Sumo Logic stock certificates was that they were neither "subsequently discovered" nor "substitute" property under Federal Rule of Criminal Procedure 32.2(e), and thus did not fit neatly into any of the categories of forfeitable property under Rule 32.2. In *United States v. Newman*, however, the Ninth Circuit concluded that a Forfeiture Money Judgment was a valid form of criminal forfeiture that could be imposed against defendants at the time of sentencing. 659 F.3d 1235, 1242-43 (9th Cir. 2011), *abrogated on other grounds by Honeycutt v. United States*, 137 S. Ct. 1626 (2017); *see also United States v. Nejad*, 933 F.3d 1162, 1165 (9th Cir. 2019). A Forfeiture Money Judgment is one among the "several options" available to accomplish criminal forfeiture—it stands separate from an order seeking specific or substitute property. *Lo*, 839 F.3d at 790. Accordingly, the Court may impose a Forfeiture Money Judgment without requiring the government to meet the elements of the substitute property statute. *Id.* at 792 (citations omitted); *Newman*, 659 F.3d at 1242-43. The government's suggestion concerning the imposition of a Forfeiture Money Judgment representing the value of the Sumo Logic shares is thus meant to ensure forfeiture of defendant's criminal proceeds, without implicating the legal issues the Court identified at the previous hearing.

The government does, however, note here that there are some important limitations with respect to the enforcement and satisfaction of Forfeiture Money Judgments. In *United States v. Nejad*, the Ninth Circuit specifically indicated that "the government may not enforce a personal money judgment through

the same means it would use to enforce an ordinary *in personam* civil judgment." 933 F.3d at 1166. Rather, when the government seeks to forfeit any property to satisfy a Forfeiture Money Judgment, it must demonstrate that the factors set forth in 21 U.S.C. § 853(p) are met. The government thus cannot enforce a Forfeiture Money Judgment without a finding that the original specific property is unavailable for one of the reasons described in 21 U.S.C. 853(p). *Id.* Here, the government only seeks to obtain a Forfeiture Money Judgment, not enforce it. Enforcement of the judgment will be an issue for a separate hearing and will only occur after the disposition of the stock whose value is represented in the Forfeiture Money Judgment.

In sum, the government presents options to the Court to accomplish forfeiture of both the Sumo Logic and Netskope stock based on research it conducted after the last forfeiture hearing, when the government realized it held the Sumo Logic stock in its possession. With respect to Netskope, the government can confirm it had no knowledge of the stock until defendant spoke about it at trial, and thus including it in the Preliminary Order of Forfeiture is permissible as no right to trial ever attached pursuant to Rule 32.2. The Indictment provided defendant notice that the government could attempt to forfeit those shares. Should the Court conclude that forfeiture of the specific shares in Netskope in inappropriate, a Forfeiture Money Judgment is likely a better avenue to accomplish the forfeiture of those proceeds, and a Forfeiture Money Judgment should also issue for the value of the Sumo Logic shares. Although enforcement of such a judgment may not occur immediately, the entry of a Forfeiture Money Judgment would help ensure that the goals of criminal forfeiture, namely, preventing defendant from enjoying his criminal gains, will be met upon entry of such an order.

Dated: October 28, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

     /s/
CHRIS KALTSAS
COLIN SAMPSON
Assistant United States Attorneys