STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
SHINING J. HSU (CABN 317917)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7022
    Fax: (415) 436-6970
    Email: Shining.Hsu@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-0172 BLF |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER TO CLARIFY AND MODIFY STAY PENDING APPEAL** |
| v. | |
| MICHAEL KAIL, | |
| Defendant. | |

    The parties hereby submit the following stipulation to clarify and modify the Order Granting Defendant's Motion to Continue Bail and Stay Forfeiture Pending Appeal entered by the Court in this case on January 24, 2022 ("Stay Order," Dkt. no. 307):

    1.    On January 24, 2022, the Court entered the Stay Order, which states, in relevant part: "[T]he Court hereby STAYS any forfeiture, fine, or restitution." [Dkt. no. 307.] The Stay Order goes on to permit ancillary forfeiture proceedings to proceed. *Id.*

    2.    The parties, upon discussion and agreement, agree the Stay Order may be clarified and modified to comport with the statutory requirements of 18 U.S.C. § 3613(a), (c), and (d), 26 U.S.C. § 6323(f)(1)(A)(i), and 18 U.S.C. § 3572(g).

    3.    First, the parties agree that the Stay Order should be amended to permit the government to record, as of December 16, 2021, lien(s) in the manner of a federal tax lien as directed in 26 U.S.C.

1  § 6323(f)(1)(A)(i).  The parties agree the lien arises from the judgment, and is effective against all of
2  the Defendant's property and rights to property pursuant to 18 U.S.C. § 3613(a) and (c).  The parties
3  further agree that the recording of liens is not an enforcement action, and therefore not violative of the
4  stay of "forfeiture, fine, or restitution."

5     4.   Second, the parties agree that the Stay Order should be amended to include an injunction
6  to restrain Defendant from transferring or dissipating assets, in accordance with 18 U.S.C. § 3572(g),
7  and Fed. R. Crim. Proc. 38(e) in the amount of $552,813.50, representing the sum of the court-ordered
8  monetary penalties, until the earlier of: resolution of the appeal, or further court order. The parties
9  further agree that no exceptional circumstances exist in this case to warrant a departure from the
10 requirement of security or injunction.

12 SO STIPULATED.
13 DATED:  March 2, 2022                                STEPHANIE M. HINDS
                                                       United States Attorney

15                                                     /s/ Shining J. Hsu
16                                                     SHINING J. HSU
                                                       Assistant United States Attorney

18 SO STIPULATED.
19 DATED:  March 2, 2022                                /s/ Julie Jayne*
20                                                     JULIA JAYNE
                                                       Attorney for Defendant Michael Kail

23 *In compliance with Civil Local Rule 5-1(h)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in this filing of this document.

**[PROPOSED] ORDER**

Based on the Court's record, and the above submissions, stipulations, and agreements, the Court finds just cause to clarify and modify the Order entered on January 24, 2022. ["Stay Order," Dkt. no. 307.]

Accordingly, for the reasons stated above, it is hereby ORDERED that the Stay Order is clarified to permit the Government to record, as of December 16, 2021, the lien arising from the judgment and any amendment(s), in accordance with 18 U.S.C. § 3613(a) and (c), and in the manner directed in 26 U.S.C. § 6323(f)(1)(A)(i).

It is FURTHER ORDERED that the Stay Order is modified to enjoin Defendant Michael Kail from transferring or dissipating property or rights to property in the amount of $552,813.50 (total court-ordered monetary penalties) until the earlier of: resolution of the appeal, or further court order, in accordance with 18 U.S.C.§ 3572(g) and Fed. R. Crim. Proc. 38(e).

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: March 3, 2022

_____
HON. BETH LABSON FREEMAN
United States District Judge