**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| USA,<br>                    Plaintiff,<br>         v.<br>KAIL,<br>                    Defendant. | Case No. 18-cr-00172-BLF-1<br><br>**ORDER REGARDING DEFENDANT'S REQUEST TO SETTLE THE RECORD**<br><br>[Re: ECF Nos. 334, 335] |

Defendant has filed a Submission of Proposed Statement of Unrecorded Proceeding Pursuant to Fed. R. App. P. 10(c). ECF No. 335 ("Mot."). In conjunction with this submission, Defendant has filed an ex parte administrative motion pursuant to Criminal Local Rule 56-1, seeking to submit additional exhibits under seal for review only by the Court. ECF No. 334. The submission and administrative motion are opposed by the Government. ECF No. 340 ("Resp."). The court finds both suitable for disposition without argument. *See* Civil L.R. 7-1(b).

Three years ago, during an informal walk-through of the courtroom on the eve of trial, defense counsel raised the issue of allowing Defendant's wife to be physically present in the courtroom for trial. The request was granted. It was obvious to all that no court reporter was present and there was no request that the matter be placed on the record at any time during trial. Now, Defendant asks the Court and the prosecution to recollect a brief discussion that Defendant failed to memorialize during trial. Defendant brings this motion to settle the record under Federal Rule of Appellate Procedure 10(c). As the papers in support and opposition to this motion show, neither defense counsel nor the U.S. Attorney has a firm recollection of these events. The Court has carefully reviewed the full docket of the case, emails with counsel and the courtroom deputy, and its own memory in order to settle the record.

## I. LEGAL STANDARD

Within 14 days after filing the notice of appeal, an appellant must order transcripts of the parts of the proceedings as necessary for the Ninth Circuit to evaluate the claim on appeal. Fed. R. App. P. 10(b). "If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." Fed. R. App. P. 10(c). "The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served." *Id.* "The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal." *Id.*

## II. DISCUSSION

The Court first addresses Defendant's ex parte administrative motion. ECF No. 334. Defendant filed three exhibits, "request[ing] that the Court seal these documents and permit their ex parte filing." *Id.* at 1. The Court finds that the documents are not necessary to address the present matter and thus the Court denies Defendant's administrative motion.

The court next addresses Defendant's request to settle the record. Mr. Kail's trial began with in-person jury selection on April 7, 2021. *See* ECF No. 201. The record Defendant seeks to settle corresponds to an informal walk-through on April 5, two days prior to jury selection. Defendant sent the government an initial statement (not before the Court) on December 21, 2023, and the government responded with objections on January 3, 2024. *See* ECF No. 335-2 at 1. Defendant then sent the government a revised statement on January 25, 2024 and the government again responded with objections on January 31, 2024. *See id.* Defendant submitted to the Court as ECF No. 335-1 the revised statement, which summarizes Defendant's recollection of the informal walk-through, including several purported off-the-record rulings made by the Court.

In his submission, Defendant argues that the informal walk-through is a proceeding subject to Rule 10(c). Mot. at 1, 3. Defendant recalls making certain requests regarding his wife Mrs. Kail's presence during jury selection. Defendant argues that "no one is more likely to remember these events nearly three years later than . . . Mr. and Mrs. Kail, and [Defendant's attorney] Ms.

1  Jayne." *Id.* at 5.  Defendant also contends that the government has "no recollection and no

2  evidence that would cast doubt on the accuracy of the Proposed Statement." *Id.* at 7.

3        In response, the government argues that "[i]t does not appear that [Rule 10(c)] is typically

4  invoked where, as here, the existence of the proceeding itself, for which there is not transcript, is

5  in question." Resp. at 3.  The government states that it "does not recall Ms. Jayne making any

6  request on April 5, 2021, that Mr. Kail's wife be allowed to attend jury selection or any other part

7  of trial, or the Court's response to any such request." *Id.* at 4.  The government also argues that

8  "Ms. Jayne's recollection has shifted over discussions with the government" and that "if Mrs.

9  Kail's attendance at trial was the high priority Defendant's submissions now state that it was, Ms.

10  Jayne would have raised it at a hearing, recorded, prior to trial." *Id.* at 4, 6.  Finally, the

11  government notes that there is no docket entry or minute entry for a conference on April 5, and

12  argues that Defendant's position is inconsistent with the Court's other rulings.  *Id.* at 7.

13        The Ninth Circuit has explained that Fed. R. App. P. 10(c) applies when a report of

14  proceedings is "physically unobtainable." *Thomas v. Computax Corp.*, 631 F.2d 139, 142–43 (9th

15  Cir. 1980).  This occurs when, for example, "the reporter failed for some reason to record portions

16  of the proceedings," or when "the reporter's recording discs had been melted." *Id.* at 142.

17        Some courts have settled the record for informal proceedings such as discovery and status

18  conferences.  *See Malibu Media, LLC v. Ricupero*, No. 2:14-CV-821, 2016 WL 6566673, at *3

19  (S.D. Ohio Nov. 4, 2016) (collecting cases).  Other courts "doubt[] that Rule 10(c) applies to off-

20  the-record conferences held in chambers." *United States v. Cramer*, No. 1:16-CR-26, 2020 WL

21  8920386, at *1 (E.D. Tex. Jan. 30, 2020); *see also* Fed. R. App. P. 10(c) ("[i]f the transcript of a

22  ***hearing or trial*** is unavailable, . . . .") (emphasis added);  28 U.S.C. 753(b) (requiring that "all

23  proceedings in criminal cases had in open court" be recorded).

24        The Court will proceed to settle and approve a statement of the proceedings in light of

25  Defendant's attachments, the government's objections, and its own contemporaneous notes and

26  records.  As an initial matter, the parties have met Rule 10's procedural requirements.  Defendant

27  served the government with the statement on January 25, 2024, and the government timely

28  objected on January 31, 2024.  ECF No. 335-2.  Regarding the substance of the statement, the

Court notes the government's substantial objections and the effect of three years on the Court's and the parties' recollections. Notably, Ms. Jayne's recollection appears to have changed in response to government objections to an earlier statement provided on December 21, 2023. Resp. at 4–5. The Court also notes that Mr. Kail and Mrs. Kail were not present at the walk-through, ECF No. 335-3 ¶¶ 11–12, which affects the reliability of their recollections. *See United States v. Johnson*, No. 2:11-CR-501, 2017 WL 280698, at *3 (D. Utah Jan. 20, 2017). Thus, in settling the record, the Court has determined that it recalls some statements offered by Defendant differently than submitted.

Accordingly, the Court settles the record as follows:

1. Jury selection and trial were conducted in accordance with then-applicable public health guidance and the Court's General Orders pertaining to social distancing during peak Covid times. *See* General Order No. 72-6.

2. In advance of the *Kail* trial, on April 5, 2021, at 10:00 a.m., the Court held a walk-through with the parties in Courtroom 8 on the fourth floor of the San Jose federal courthouse where in-person voir dire and jury selection were scheduled to (and then did) take place on April 7, 2021. All counsel and Judge Freeman were present, along with the courtroom deputy. No court reporter was present, and no one requested a reported session. Counsel and the courtroom deputy evaluated the small space available in that courtroom and tested the audio equipment and logistics of addressing jurors who would be scattered throughout the courtroom. It was clear to all present that the jurors would occupy all available seats in the courtroom due to social distancing requirements.

3. After the walk-through was completed, counsel and Judge Freeman sat in the adjacent jury room to discuss the jury questionnaires and to determine whether there were any prospective jurors who could be excused for demonstrated hardship or bias by agreement of both parties and the Court. No contested matters were decided.

4. During that off-the-record discussion, defense counsel took it upon herself to informally re-address the issue of Defendant's wife being permitted to be physically present in the courtroom during trial. The Court agreed to the request. Defense counsel did not request the

1  opportunity to place the matter on the record at any time.

2          5.      Attendance at jury selection was not requested on April 5, 2021. During the walk-through, defense counsel herself remarked that the courtroom would be full of jurors due to the small number of seats in Courtroom 8.

        6.      Opening statements and the remainder of trial took place in Courtroom 1, the largest courtroom in the San Jose Courthouse. Defendant's wife was permitted to attend each session of the trial from opening statements forward. She generally sat in the second row of the gallery behind the defense table. Jurors sat throughout the other side of the gallery and in the jury box. Defense counsel was advised to inform Defendant's wife that she could not have contact with any jurors.

        7.      Throughout jury selection and the trial, members of the public attended trial through an AT&T telephone line which was prominently posted on the docket and Judge Freeman's public calendar each day or upon specific request to be present in the courtroom. All specific requests for physical attendance at trial were granted. *See* ECF Nos. 154, 172, 196, 199.

        \*     \*     \*

In regard to whether the Court required that Defendant's wife sit in the last row of the courtroom, *see* ECF No. 335-1 ¶ 4, that issue was mooted by the last-minute change in location of the trial after the completion of jury selection to Courtroom 1, which was significantly larger than Courtroom 8. And, as stated above, Defendant's wife generally sat in the second row.

### III. CONCLUSION

Consistent with the foregoing, the Court DENIES Defendant's ex parte administrative motion, ECF No. 334, and SETTLES THE RECORD regarding Defendant's submission. ECF No. 335.

**IT IS SO ORDERED.**

Dated: February 27, 2024

_____
BETH LABSON FREEMAN
United States District Judge